## COLLINS v. COLLINS et al.

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. TENANTS IN COMMON—PURCHASE OF OUTSTANDING CLAIM—TRUSTS.

Plaintiff, defendant, and one F., as heirs of their deceased father, were joint owners, subject to a mortgage and to their mother's right of dower, of a certain building. The upper part of the building was used for living rooms, some of which were occupied by the widow and the heirs. The mortgage was assigned to one G., in whose law-office defendant was a student, and was foreclosed by him. The notice of sale was served only on the widow, who was also administratrix, and was published in a country newspaper, which had but little circulation in the city where the property was situated. Plaintiff was then a minor, and no guardian had been appointed. Defendant purchased the property at the foreclosure sale, paid a small sum in cash, and gave back a mortgage for the residue of the mortgage debt. Afterwards he procured a quitclaim deed from F., paying a substantial price for F.'s interest, and enlarged the building. Defendant did not disclose his purchase, and plaintiff continued to occupy rooms in the building, paying no rent therefor. *Held*, that the title acquired by defendant was subject to a trust in favor of plaintiff to the extent of one-third of the building.

2. SAME—ACTION BY CO-TENANT—LACHES.

Plaintiff, being ignorant of the purchase by defendant, was not prejudiced by a delay of 20 years in suing for partition, during all of which time he was in possession of part of the building, paying no rent therefor.

3. TRIAL BY JURY—WAIVER OF RIGHT.

Where an action which is triable by jury is noticed by both parties for the special term, and no issues are stated, the right to a jury trial is waived.

Appeal from special term, Onondaga county.

Action by John A. Collins against George K. Collins and others. From an interlocutory judgment entered on June 14, 1890, and from an order denying a motion for a new trial under section 1001, Code Civil Proc., defendants appeal. For prior reports, see 5 N. Y. Supp. 953, and 11 N. Y. Supp. 941, *mem.*

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ. .

*W. G. Tracy,* for appellants. *T. E. Hancock* and *M. M. Waters,* for respondent.

MERWIN, J. The subject of this action is a piece or lot of land fronting on Genesee street in the city of Syracuse, being 50 feet upon the street, and running back 102 feet, and upon which there is now a brick block, called "Collins Block," the lower part of which is used for business purposes, and all above for offices and living rooms, and is so circumstanced that a partition thereof cannot be made without great prejudice to the respective owners. The object of the action is to determine the ownership of the property and obtain partition or sale. The judgment appealed from adjudges that the plaintiff is the owner of one undivided third, and the defendant George K. of two undivided thirds, subject to certain dower rights. A sale is ordered, and an accounting by the defendant George K. of the rents and profits as between tenants in common. It appears that on the 15th August, 1853, John Collins died intestate, leaving a widow, the defendant Mary A. Collins, and as his only heirs at law three children,—the plaintiff, the defendant George K., and Frank Collins. At that time the plaintiff was about eight years old, George K. about sixteen, and Frank about three. On or about September 1, 1853, Mary A. Collins was duly appointed administratrix of the estate of John Collins, but no general guardian was ever appointed for either of the children. John Collins was at his death the owner of the front portion of the premises above referred to, such portion being 50 feet on the street, and running back 88 feet, upon which had been erected a brick block known as the "Collins Block." The property was incumbered by a mortgage of $2,400. Upon this mortgage there was due and unpaid on the 27th February, 1862, the sum of $2,400, with interest from May 1, 1861. Immediately after the

death of John Collins, his widow, with the children, moved into the block, and she, with the assistance of her children, managed the same until 1862. In 1861 and 1862 the rents were about a thousand dollars a year. The plaintiff occupied rooms in the block down to February, 1862, when he was married, and left the same, and went to live with his wife's family, where he continued to reside for about a year, and he then returned to the block with his wife, and has since resided there with his family, occupying five or six rooms. The defendant George K. lived with his mother until 1858, when he was married, and then he occupied rooms in the block until September, 1862. The widow has continued to live in the block to the present time. On the 4th June, 1860, the defendant George K. purchased of Abner Bates a strip of land of the same width as said block and 14 feet deep, directly adjoining it in rear, for the sum of $100, and caused the same to be conveyed to himself and his two brothers, Frank and John A. This constitutes the balance of the lands in question. Prior to 27th February, 1862, the mortgage above referred to had been assigned to Mr. Gott, and he at that date commenced a foreclosure by advertisement. It does not appear that there was any immediate or pressing necessity to pay the mortgage or take care of it or any threats of foreclosure. The defendant George K. was at that time, and had been since 1858, a student in Mr. Gott's law-office. The notice of sale was published in a country newspaper that had little or no circulation in Syracuse. The notice of sale was served on the widow and administratrix by George K., but she apparently paid no attention to it, but left the matter entirely with George K. No other person was served. Upon the sale on 31st May, 1862, George K. bid in the property at $2,610; that being the amount unpaid and costs; and took title in his own name. Upon this bid he paid $210, and for the balance gave a mortgage back to Mr. Gott upon the same premises. At this time, as the court finds, the property was of the value of at least $18,000, and the yearly rental value at least $1,300. After the sale the rents of such portions as were leased were collected by George K., or by his mother for him. On the 26th day of September, 1873, George K. obtained from his brother Frank a quitclaim deed of the entire premises, and the rents, issues, and profits accrued or to accrue from the same, paying therefor the sum of $8,000; and in 1876 he extended the block, so that it covered the greater part of the Bates purchase. The court found, as it was authorized by the evidence to do, that George K. omitted to disclose to his co-tenants the fact that the premises had been sold and bid in by him, and concealed from them that fact until within a few months of the commencement of this action in December, 1887, and that up to that time the plaintiff did not know of the foreclosure sale, but supposed and believed that his title as tenant in common existed and remained according to his right by descent from his father; that from time to time George K. negotiated with the plaintiff for the purchase of his interest in the property at the time of the deed from Frank Collins and afterwards, until a short time before this suit was commenced, when George K. for the first time claimed the whole, to the exclusion of any right or interest in the plaintiff. As matter of law the court held, among other things, that the defendant George K. purchased at the foreclosure sale, and took title in his own name in fraud of the rights of the plaintiff as owner of an undivided third, and that he holds the title of such one-third impressed with a trust in favor of and as trustee for plaintiff, who is the equitable owner, chargeable, however, with one-third of the mortgage.

In *Knolls* v. *Barnhart*, 71 N. Y. 480, it is said to be the general rule that one tenant in common cannot purchase in an outstanding claim or title to the exclusion of his co-tenant. This principle is recognized in many cases. *Van Horne* v. *Fonda*, 5 Johns. Ch. 389; *Peck* v. *Peck*, 110 N. Y. 73, 17 N. E. Rep. 383; *Rothwell* v. *Dewees*, 2 Black, 613; *Lloyd* v. *Lynch*, 28 Pa. St. 419. In the *Lloyd Case* it is said that the deed so obtained by a co-tenant can only be

used as a security to enforce contribution for the money paid for it. If the tenants in common come into joint possession as co-heirs or co-devisees, special obligations are said to exist, forbidding either to do any act which would be unlawful or improper if done by a trustee charged with the care and preservation of a trust-estate. Freem. Co-Ten. § 151. In the present case the plaintiff was a minor at the time of the foreclosure; and his mother, being his guardian in socage, paid no attention to it. She left the matter entirely to George K., assuming very likely that he would see that the rights of his brothers would be preserved. There seems to have been no real occasion for any foreclosure. Less than a year's interest was unpaid. The interest had been kept up previously, as it may be inferred, from the rents, and these were improving. The holder of the mortgage did not desire the principal, for he took back a new mortgage for that. The property that was bid in for $2,610 was worth $18,000. We think the court below did not err in holding that the purchaser on foreclosure should be deemed to have purchased for the benefit of his co-heirs as well as himself, and that he only nominally held the title of plaintiff's third. Nor should the delay of plaintiff to assert his right be deemed prejudicial to him. He was ignorant of the foreclosure sale. He continued to occupy a portion of the property, paid no rent, and none was asked of him. His brother made no claim of exclusive ownership till just before the suit was commenced. On the contrary, he recognized plaintiff's rights in his repeated negotiations; and his purchase from Frank Collins was inconsistent with any claim of title in himself. True, George K., in association with his mother, managed the renting, and collected the rents, but the business of George K. as an attorney was such that he would naturally look after that, and the business of plaintiff took him away from home most of the time. George K. claims to have had adverse possession, but that the court declined to find. Such possession as George K. did have was not exclusive. The conveyance to him was not necessarily hostile. *Culver* v. *Rhodes,* 87 N. Y. 348.

It is claimed by the appellants that the cause of action of the plaintiff with reference to the foreclosure is barred by the statute of limitations, more than 20 years having elapsed after plaintiff became of age before the commencement of this action. The view of the court below was that the case was within subdivision 5, § 382, Code Civil Proc., which provides that in an action to procure a judgment other than for a sum of money on the ground of fraud in a case which on the 31st day of December, 1846, was cognizable by the court of chancery, the cause of action is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud. The claim of the appellants is that this does not apply to a case of constructive fraud, and that fraud in fact is not alleged in the complaint or found by the court. Facts, however, were found, within the scope of the complaint, which, in effect, as it may be argued with considerable force, amounted to more than constructive fraud. Be this as it may, another view may, I think, be taken of the case which will reach the same result. The purchase by George K. was subservient to the title of the co-tenants. He took the nominal title, and could hold it only as security for what he paid. In substance, he had a mortgage, and received rents more than sufficient to pay it. The plaintiff remained in possession, and his rights there were recognized. The right of plaintiff to have this mortgage canceled and the cloud on the title removed would not be affected by the statute of limitations until a hostile claim was made by the holder. Such claim was made only a short time before the suit was commenced. Treating it as a cloud, the statute would not apply. *Schoener* v. *Lissauer,* 107 N. Y. 111, 13 N. E. Rep. 741. If, as against the plaintiff, there was no entry under claim of absolute title until 1887, the statute should not be deemed to commence to run until that time. *Reitz* v. *Reitz,* 80 N. Y. 538; *Miner* v. *Beekman,* 50 N. Y. 337.

The defendants claim that their right of trial by jury has been infringed upon. The complaint contained two counts. In the first one the facts with regard to that part of the premises that descended from John Collins and in regard to the mortgage thereon were stated, and it, among other things, contained an allegation of the present ownership by plaintiff of an undivided third. In the second count the facts as to the Bates piece were stated. Upon the opening of the trial the right of trial by jury as to the second count was expressly waived, and it seems to have been conceded that the first count presented equitable features that were properly triable without a jury. It appears that both sides noticed the case for the special term. No issues had been stated. I do not think the appellants have any good ground for complaint as to the form of the trial.

A point is made as to misjoinder of causes of actions. That matter, however, was disposed of on a former appeal from an interlocutory judgment overruling a demurrer, and is not now here. It may, however, be suggested that both causes of action relate to the same subject, namely, the Collins block, as now situated; and the rights of the parties require the entire matter to be disposed of in one action. Any title subservient to the rights of the real owners must necessarily be determined, and, if a cloud, it must be dispelled, in order to a complete determination of the matter. Under section 1543 of the Code "the title or interest" of the plaintiff as well as that of the defendants can be controverted and determined in an action of partition. The design of that section was to allow the whole controversy to be settled in one action. See Throop's notes to that section and to article 2 of chapter 14 of the Code. *Shannon* v. *Pickell*, 2 N. Y. St. Rep. 160; 3 Rum. Pr. 31. The plaintiff had a right to bring an equitable action. Story, Eq. Jur. § 658; *Haywood* v. *Judson*, 4 Barb. 228; Freem. Co-Ten. § 425. Several points are presented as to refusals to find requests made by the appellants. They need not be specially considered. No error prejudicial to the appellants is disclosed. It follows that the judgment should be affirmed. Motion for a new trial denied, and judgment affirmed, with costs. All concur.