CATHARINE C. ELLERSON, Appellant, *v.* ELIZABETH P. WESTCOTT and CORA P. GANUNG, Respondents, Impleaded with Others.

*Partition — what issues are triable — joinder of causes of action — allegation that a devisee procured the death of the testator joined with one that a devise is void — not a ground of demurrer for misjoinder.*

All questions arising between parties in regard to their respective titles and rights of possession in real property may be determined in an action of partition under the provisions of sections 1537 and 1543 of the Code of Civil Procedure.

Where an action of partition is brought by an heir of a testator, based upon an allegation that an apparent devise to others is void because the will in question was not properly executed and was not the free act of a competent testator, the court may properly try in the same action the issue presented by an allegation that a devisee under the will procured the death of the testator and is, therefore, not entitled to take under the will.

The apparent devise is a cloud on the title, and the plaintiff has a right to have it removed, if possible.

An allegation that a person procured the death of the testator involves only the question as to the capacity of the party to take under the will and is to be treated like any other question of capacity.

A complaint in partition containing such an allegation is not demurrable upon the ground of a misjoinder of causes of action.

APPEAL by the plaintiff, Catharine C. Ellerson, from an order of the Supreme Court, made at the Chenango Special Term and entered in the office of the clerk of the county of Otsego on the 18th day of February, 1895, denying her motion for leave to serve an amended complaint.

FOURTH DEPARTMENT, JULY TERM, 1895.        [Vol. 88.

The denial of the motion was, as stated in the order, " upon the ground that in this action, which is an action of partition, the plaintiff cannot join therewith a cause of action such as she proposes to introduce by said amended complaint, to wit, an action to declare forfeited defendants' rights claimed under the will, and because the proposed amended complaint would render the complaint demurrable for misjoinder of cause of action, and the motion is not denied upon the ground that the granting thereof is discretionary with the court."

*A. D. Wales,* for the appellant.

*Gilbert & Andrus,* for the respondents.

MERWIN, J. :

In the complaint it is alleged that on the 9th of May, 1891, Munroe Westcott, of Oneonta, N. Y., died, being then seized in fee of a large quantity of real estate, which is in the complaint fully described ; that the plaintiff is the sister of said Westcott, and that she and certain of the defendants, who are the children or descendants of another sister, constitute all of his heirs and next of kin ; that soon after his death a paper, purporting to be his last will and testament, was produced by the defendant Elizabeth P. Westcott, in and by which the testator, after devising three pieces of real estate to certain parties, devised the use of all the rest of his real estate to Elizabeth P. Westcott as long as she should live, and at her death directed that all the property left should be under the control of the defendant Ganung for the purpose of establishing and founding a hospital at Oneonta ; that the will was afterward admitted to probate by the surrogate of the county of Otsego, and letters testamentary thereon issued to the defendants Westcott and Ganung, two of the executors therein named, and that they have taken possession and assumed the control of the real and personal estate, claiming the right to do so as executors, and claiming rights and ownership in the property individually, as legatees and devisees under the provisions of said instrument ; that the paper so admitted to probate is not the last will of the deceased ; was not executed in the form and manner required by law, and that the deceased, by reason of mental infirmity, was incompetent to make a will, and that the

same was procured by undue influence and fraud ; that the alleged will is not a valid instrument, but is void for uncertainty, and also in that it unlawfully suspends the power of alienation and attempts to create an invalid trust, and that none of the persons named as devisees acquired any rights in the property by virtue thereof ; that the plaintiff, as heir at law of the deceased, is seized in fee simple of an undivided one-half of the real estate, and the other heirs at law are seized of the balance in the manner therein specified. Judgment is asked that the alleged will be declared null and void ; that the plaintiff and the other heirs at law be declared the lawful owners of the real property and that partition be made.

The amendment asked for consisted in inserting just before the demand for judgment an allegation that the defendant Elizabeth P. Westcott willfully, wrongfully and unlawfully, for the purpose of realizing under the alleged will, by the use of drugs, medicines, poisons, or other means, the exact particulars of which are unknown to plaintiff, caused and procured the death of said Munroe Westcott, and, therefore, is not entitled to take under the will.

The question here is, whether the plaintiff has in any event the right to have the issue, presented by the amendment, tried and disposed of in this action.

If the facts alleged in the amendment are true, the plaintiff in the proper forum has, according to the law laid down in *Riggs* v. *Palmer* (115 N. Y. 506), the right to have it adjudged that the devise to Mrs. Westcott is ineffective to pass to her any title, and that the plaintiff and the other heirs at law are, so far as any claim of Mrs. Westcott under the will is concerned, the true owners of the real estate left by the testator. That was the form of the adjudication in the *Riggs* case, which involved precisely the issue presented here. It follows, therefore, that the ownership and title of the property cannot be fully determined until the issue in question is disposed of.

Section 1537 of the Code is as follows : " A person claiming to be entitled, as a joint tenant or a tenant in common, by reason of his being an heir of a person who died, holding and in possession of real property, may maintain an action for the partition thereof, whether he is in or out of possession, notwithstanding an apparent devise thereof to another by the decedent and possession under such

devise. But in such an action the plaintiff must allege and establish that the apparent devise is void."

Section 1543 is as follows: "The title or interest of the plaintiff in the property, as stated in the complaint, may be controverted by the answer. The title or interest of any defendant in the property, as stated in the complaint, may also be controverted by his answer, or the answer of any other defendant; and the title or interest of any defendant, as stated in his answer, may be controverted by the answer of any other defendant. A defendant thus controverting the title or interest of a co-defendant, must comply with section five hundred and twenty-one of this act. The issues, joined as prescribed in this section, must be tried and determined in the action." By section 1544 provision is made for a trial by jury of an issue of fact joined in the action.

Under these provisions it has been said that all questions arising between the parties in respect to the property, as to their respective titles and rights of possession, may be determined. (*Weston* v. *Stoddard*, 137 N. Y. 119; *Collins* v. *Collins*, 36 N. Y. St. Repr. 591; affd., 131 N. Y. 648; *Shannon* v. *Pickell*, 2 N. Y. St. Repr. 160; Throop's notes to art. 2, tit. 1, chap. 14 of the Code.) This would seem to be a rational view of the provisions of the Code. As said in the *Weston* case (p. 128): "Circuity of procedure and a multiplicity of suits are thereby avoided, and these were the primary objects which the Code system of practice had in view." In the *Weston* case it was held that a disseized co-tenant might bring the action. The action may be maintained notwithstanding an adverse possession. (*Hewlett* v. *Wood*, 1 Hun, 479; 62 N. Y. 78; *Malaney* v. *Cronin*, 44 Hun, 270.) In the *Malaney* case an issue was whether the will was procured by undue influence. In the *Hewlett* case (see 3 Hun, 736; 1 id. 478) the issue was over the mental capacity of the testator as well as undue influence. A devise to one who is incompetent to take is void. (*Hall* v. *Hall*, 13 Hun, 309.) In the case cited it was held that under section 2 of chapter 238 of the Laws of 1853, which was similar to section 1537 of the Code, an action of partition could be brought by the heirs of a testator who had devised the property in controversy to one who was incompetent to take by devise, because of alienage, and the question as to such incompetency be disposed of in the action.

The plaintiff in the present case in her original complaint alleges generally that she and the other heirs at law of the deceased are the owners in fee of the property; that the apparent devise is void, for the reason that the will was not properly executed, and was not the free act of a competent testator. It is also alleged that the residuary devise to Mrs. Ganung is void upon its face for certain specified reasons. By the amendment the plaintiff seeks to further allege that the devise of the life estate to Mrs. Westcott is also void by reason of her incapacity to take, the cause of which is set forth. With this amendment the allegations reach the entire ownership as claimed under the will. So that under the complaint, as amended, the validity of the devise of the entire title is attacked on two grounds, *first*, for reasons going to the whole will, and, *secondly*, for reasons affecting only the real estate in question.

Under section 1537 the plaintiff must allege and establish that the apparent devise is void. There is no limitation as to the causes or reasons that may be alleged. There is no prohibition against alleging all the grounds that may be claimed to exist. On the contrary, it would seem to be necessary that all should be alleged that the party desires at any time to take advantage of. The final judgment is conclusive (§ 1557), and, in case of sale, it effectually bars each of the parties who is not a purchaser at the sale from all right, title and interest in the property sold. (§ 1577.)

It is suggested that the amendment involves a cause of action not triable in an action of partition. It is certainly novel in its character, but, under the decision of the *Riggs* case, it involves simply the question of the capacity of the party to take, and is to be treated as any other question of incapacity. The cause of action here is for partition, and, as incident to it, the plaintiff has the right to remove the obstructions or clouds caused by the apparent devise. (*Henderson* v. *Henderson*, 44 Hun, 420.) It is said that Mrs. Westcott has not been criminally tried or charged, but her incapacity to take does not, under the *Riggs* case, depend upon her trial or conviction, but upon the existence of the fact itself.

The fact that some of the other parties may not be interested in this question is not an answer to the application for amendment. Very clearly the Code contemplated that the rights of different defend-

ants may not stand upon the same basis. (§§ 1538, 1543; *Town-send* v. *Bogert*, 126 N. Y. 370.)

We are, therefore, of the opinion that neither of the grounds, specified in the order appealed from as the grounds upon which the motion was denied, is sustainable. The court had the power to allow the plaintiff to allege another ground on which the devise to Mrs. Westcott was void. The amendment was, under the circumstances of the case, somewhat in the discretion of the court, and as that has not been exercised, the order should be reversed and the proceedings remitted to the Special Term for further hearing.

HARDIN, P. J., and MARTIN, J., concurred.

Order reversed, with ten dollars costs and disbursements, and proceedings remitted to the Special Term for further action.