(51 Misc. Rep. 302.)

### DUNN v. DUNN et al.

(Supreme Court, Special Term, Oneida County. July, 1906.)

1. PARTITION—SCOPE OF INQUIRY—COMPLAINT—SUFFICIENCY.

     All the parties except plaintiff's wife, in an action for partition, were children of the deceased owner, who had died intestate. The complaint alleged a transfer by the deceased owner, individually and as administrator of a deceased son, of his interest in a mortgage on the property, executed by the owner and assigned to his deceased son and his brother, one of the defendants in partition. *Held*, that the validity of the transfer could be determined, where it was alleged that such assignment was obtained by fraud and undue influence.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, § 188.]

2. SAME—PARTIES.

     In partition, the wife of plaintiff is properly made a party defendant.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, § 118.]

Action by Thomas J. Dunn against John Dunn and others. Demurrer to complaint overruled.

Albert J. O'Connor, for plaintiff.

D. F. Searle, for defendants.

DEVENDORF, J. This action is brought by plaintiff to obtain partition, or sale if partition cannot be had, of real estate owned by Patrick Dunn, the common ancestor at the time of his decease; also to have an assignment of a mortgage covering said property adjudged fraudulent and void. The defendants by demurrer allege that causes of action have been improperly united in such complaint, and there is a defect of parties, both plaintiff and defendant; that the personal representatives of the deceased ancestor are not made parties to the action; that plaintiff has not the legal capacity to sue; and that the complaint, as to the second alleged cause of action stated therein, does not state facts sufficient to constitute a cause of action.

It appears from the allegations of the complaint that Patrick Dunn died, intestate, February 19, 1906, at Oneida county, N. Y., the owner of the real estate described in the complaint; that the plaintiff and all of the defendants, excepting the wife of the plaintiff, are children of said deceased; that they own no other real estate in common; that there are no liens upon the undivided shares of the respective parties; and

that no administrator of deceased has been appointed. I think the complaint as a whole sufficiently states a cause of action for the partition of the property mentioned therein.

It is further alleged in the complaint that the said Patrick Dunn, in 1883, executed a mortgage upon said property which was thereafter duly recorded and remains of record in the Oneida county clerk's office; that, subsequently thereto, said mortgage was assigned to John Dunn, one of the defendants, and William Dunn; that, thereafter and in or about the month of March, 1905, the said Patrick Dunn, individually and as administrator of said William Dunn, signed and executed an instrument in writing purporting to transfer his interest in said mortgage to the said John Dunn; and it is alleged in the complaint that such transfer was obtained by John Dunn by fraud and undue influence, and that such alleged assignment is void and should be canceled and discharged of record. The complaint does not allege that the said William Dunn was a son of Patrick Dunn, but I think the complaint is broad enough to prove that fact; and, if so, upon the death of William Dunn, intestate, his father, Patrick Dunn, ultimately took an interest in the mortgage, which interest, unless some equitable reason intervened, merged into his greater title as owner of the premises. Therefore all the parties to this action are directly interested in the question whether that assignment is valid or not. The wife of the plaintiff, although having but an inchoate dower in an undivided eighth share of said premises, has sufficient interest in the subject of the action to be properly retained therein as a party defendant. The plaintiff may unite in the same complaint two or more causes of action whether they are such as were formerly denominated legal or equitable, or both, where they are brought upon claims arising out of the same transaction or transactions connected with the same subject of action.

Primarily, the subject of this action is the real estate owned by Patrick Dunn at the time of his decease. He died intestate. Hence his children are entitled to share in a division of such property or partake of the proceeds of a sale thereof. The second cause of action also relates to and is connected with said real estate and affects the value of the interest and title passing to the children of Patrick Dunn, as a whole and respectively. Both causes of action relate, in the result sought, to the same piece of real estate, to a division of it, and a determination of the extent of the interest of the parties therein. I think the rights of the parties are better subserved by disposing of the entire matter in one action. Their title or interest can be controverted and determined in an action of partition. Collins v. Collins (Sup.) 13 N. Y. Supp. 28. To fully establish all the rights of the plaintiff and his coheirs in the real estate in question it is necessary to determine the validity of the alleged assignment of mortgage. I am of the opinion that the rights and interests of all the parties in this real estate can be fully determined in this action under the allegations of the complaint. Best v. Zeh, 82 Hun, 232, 31 N. Y. Supp. 230; Western v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697; Ellerson v. Westcott, 88 Hun, 389, 34 N. Y. Supp.

813.   It may be that the complaint is rather brief and lacking in some respects in detail, but I think it states a cause of action, and proof can properly be introduced under the allegations thereof sufficient to show that Patrick Dunn had a personal interest in said mortgage.   The causes of action sought to be alleged are sufficiently stated and can and should be disposed of and determined in one action.

I have come to the conclusion, therefore, that the complaint alleges facts sufficient which, if proven, would entitle plaintiff to a partition of the property described therein, and also entitle him to a determination as to the extent of the interests of the respective parties in such real estate and to obtain a determination of any conflicting claims as to a cloud, actual or apparent, upon the title thereto.   The demurrer is overruled, with leave to the defendants to plead by answer upon payment of costs.

Demurrer overruled, with leave to defendants to plead by answer upon payment of costs.