<table>
<tr><td>148</td><td>149</td></tr>
<tr><td>s 148</td><td>755</td></tr>
<tr><td>148</td><td>149</td></tr>
<tr><td>173</td><td>97</td></tr>
<tr><td>e173</td><td>101</td></tr>
</table>

CATHARINE C. ELLERSON, Respondent, *v.* ELIZABETH P. WESTCOTT and CORA P. GANUNG, Impleaded, etc., Appellants.

PARTITION — § 1537, CODE OF CIVIL PROCEDURE — VOIDING AN APPARENT DEVISE. A motion to amend the complaint in an action of partition, brought by an heir at law of a testator against a devisee in possession and sought to be maintained under section 1537 of the Code of Civil Procedure, by adding an averment that the devisee caused the death of the testator by poison or other means, is properly denied, as such averment does not show, or tend to show, the fact required by that section to be alleged and established, namely, " that the apparent devise is void."

*Riggs* v. *Palmer* (115 N. Y. 514), distinguished.

*Ellerson* v. *Westcott* (88 Hun, 389), reversed.

(Argued December 9, 1895; decided January 7, 1896.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made April 23, 1895, which reversed an order of Special Term denying a motion to amend the complaint.

The plaintiff, claiming as one of the heirs of her brother, Munroe Westcott, who died May 9th, 1891, seized of several parcels of real estate, in November, 1893, commenced this

action for partition. In her complaint she alleges that she and the children of a deceased sister were the only heirs at law of her deceased brother. The complaint sets out a paper purporting to be the will of Munroe Westcott, bearing date April 9th, 1890, and alleges that it had been admitted to probate as his will in the proper county. By this instrument the testator gives his personal property remaining after payment of his debts to his wife, Elizabeth Pope Westcott, absolutely, and after making certain specific devises, gives the use of all the residue of his real estate to her for her life, and the remainder after her death to the defendant, Cora P. Ganung, for the founding and endowment of a hospital. It is alleged in the complaint that the two executors named in the will, including Elizabeth Pope Westcott, are in possession of the real and personal property left by the testator, claiming possession as such and as devisees and legatees under the alleged will. The original complaint based the right of the plaintiff to bring the action upon the averments that the will was not legally published; that the testator was incompetent to make a will; that it was procured by the fraud and undue influence of Elizabeth Pope Westcott and Cora Ganung, the executors and principal beneficiaries under the will; that it was void for uncertainty, and that its provisions were in contravention of the statute of trusts and perpetuities.

The plaintiff joined as defendants among others the devisees and legatees under the will and the children and heirs of her deceased sister, and demanded judgment, declaring the alleged will to be void and that it be set aside, and that the plaintiff and her nieces, the children of her deceased sister, be adjudged to be lawful owners of the real estate left by the testator, and that partition be decreed, etc. After issue had been joined, the plaintiff made a motion at Special Term to amend her complaint, which motion has given rise to this appeal. The amendment sought was to permit her to allege, in substance, that the defendant, Elizabeth P. Westcott, for the purpose of realizing the benefits given her by the will, caused the death of the testator by the administration of poison or by other means.

The Special Term denied the motion, but its order was reversed by the General Term and from the order of reversal this appeal is taken.

*Isaac H. Maynard* for appellants.    Plaintiff cannot be permitted to set up the cause of action embodied in the proposed amendment. (Code Civ. Pro. § 1537.)   The appellant, Mrs. Westcott, never having been indicted and convicted of the crime of murdering her husband, the testator, cannot be required, as she would if this amendment is allowed, to answer to a capital crime, without presentment or indictment of a grand jury, in violation of the guaranty of both the State and Federal Constitutions.    (23 Abb. [N. C.] 453, 454.)   The allegations by means of which it was attempted, by the proposed amendment, to introduce this new cause of action, are insufficient for that purpose.    (23 Abb. [N. C.] 453.)   If the proposed amendment is allowed the complaint will contain causes of action which will be inconsistent with each other, and, therefore, the complaint would, upon its face, be demurrable.    (Code Civ. Pro. § 484.)   The proposed new cause of action, if introduced into the complaint, would render it demurrable because it does not affect all the parties to the action.    (*Nichols* v. *Drew*, 94 N. Y. 22;  *Goldberg* v. *Utley*, 60 N. Y. 427;  *Wiles* v. *Suydam*, 64 N. Y. 173;  *Zorn* v. *Zorn*, 38 Hun, 67.)

*A. D. Wales* for respondent.    The amendment desired is literally covered by section 1537 of the Code. (*Riggs* v. *Palmer*, 115 N. Y. 514;  *Hall* v. *Hall*, 13 Hun, 306;  81 N. Y. 130;  Code Civ. Pro. §§ 1538, 1542.)   Section 1537 of the Code of Civil Procedure is not a limitation upon the power to bring partition actions by plaintiffs out of possession to the peculiar case provided for by this section. (*Weston* v. *Stoddard*, 137 N. Y. 127;  Code Civ. Pro. §§ 1537, 1543.)   Under section 1537 the whole question of the will is properly involved.    We are not asking to allege a new cause of action, but simply to modify the cause of action.    (*Hammond* v. *Cockle*, 2 Hun, 495.)   The decision of the Special Term is

erroneous. ( *Weston* v. *Stoddard*, 137 N. Y. 119; *Collins* v. *Collins*, 36 N. Y. S. R. 591; 131 N. Y. 648; *La Tourette* v. *Decker*, 45 N. Y. S. R. 78; *Hammond* v. *Cockle*, 2 Hun, 495; *Hewlett* v. *Wood*, 62 N. Y. 75.) The allegations added by the amended complaint involve the consideration of equitable principles only. It is a general principle that a court of equity once having jurisdiction will dispose of all questions arising in the action and prevent a multiplicity of suits. (Beach on Mod. Eq. Juris. § 22; *Hosford* v. *Merwin*, 5 Barb. 52; *Scott* v. *Guernsey*, 60 Barb. 178; *Hammond* v. *Cockle*, 2 Hun, 495; *Weston* v. *Stoddard*, 137 N. Y. 128.) The policy of the law unquestionably is to try all the issues and all possible questions of title involved in an action of partition, so that the judgment will indeed be a final one. (*Shannon* v. *Pickell*, 28 N. Y. S. R. 464; *Bell* v. *Gittere*, 30 N. Y. S. R. 219; *Hagerty* v. *Andrews*, 4 Civ. Pro. Rep. 323; 94 N. Y. 195; *Weston* v. *Stoddard*, 137 N. Y. 119.) The appellants claimed at General Term that " in a civil action where there has been no conviction of the defendant the court would not have the right to deprive the accused of life, liberty or property." This is untenable. (Code Civ. Pro. §§ 384, 1899, 1902, 3343; *Gordon* v. *Hostetter*, 37 N. Y. 105; Penal Code, § 710; *Riggs* v. *Palmer*, 115 N. Y. 514.)

ANDREWS, Ch. J. The plaintiff and the defendants, Elizabeth P. Westcott and Cora P. Ganung, were never tenants in common or joint tenants of the real property sought to be partitioned. The plaintiff claims title as one of the heirs at law of the testator, Munroe Westcott. The record title is by the will in the defendants named and others. If the will is given full effect, the plaintiff has no title to or interest in the land. The land, at the commencement of the action, was in the possession of the executors in their character as such, or as devisees under the will.

The action of partition is given when two or more persons hold and are in possession of real property as joint tenants or tenants in common. (Code, § 1532.) The plaintiff not being

in possession, and not sustaining the relation of tenant in common or joint tenant to the defendants who were in possession, cannot maintain an action for partition unless by reason of the exception contained in section 1537 of chapter 14, title 1, article 2 of the Code, relating to actions for partition. That section is as follows: " A person claiming to be entitled as a joint tenant or a tenant in common, by reason of being an heir of a person who died holding, and in possession of, real property, may maintain an action for the partition thereof, whether he is in or out of possession, notwithstanding an apparent devise thereof to another by the decedent and possession under such devise. But in such an action the plaintiff must allege and establish that the apparent devise is void." This section is a substantial re-enactment of section 2 of chapter 238 of the Laws of 1853, entitled " An act relative to disputed wills." If the fact stated in the proposed amendment, to the effect that the defendant Elizabeth P. Westcott caused the death of the testator by poisoning or other felonious means to enable her to come into possession of the estate devised to her, would, if proved, make the devise to her void, the court had power to permit the amendment to be made and the denial of the motion at Special Term, which was put on the want of power, was erroneous. If, on the other hand, conceding that the fact sought to be introduced by amendment was true, nevertheless the devise to the testator's wife was not thereby rendered void, the issue tendered could not be tried in a partition action. The plaintiff relies upon the case of *Riggs* v. *Palmer* (115 N. Y. 514) as establishing that where a legatee or devisee under a will, to prevent a revocation or to anticipate the enjoyment of the benefit conferred, puts the testator to death, the felonious act makes the legacy or devise void. We think this contention is not justified by that case. That was an action by an heir at law of a testator against a devisee and legatee who had murdered the testator to obtain the possession of the property given him by the will, to cancel the provisions for his benefit and to have it adjudged that he was not entitled to take under the

20

will or to share, as distributee or otherwise, in the estate
of the testator, and the relief was granted. But the
court did not decide that the will was void. A will
may be void for many reasons. It may not have been
executed with the forms required by law. It may dis-
pose of the property upon limitations in contravention of law.
The testator may, by reason of alienage or other incapacity,
be incapable of making a will. The statute may interpose a
prohibition against devises or bequests to certain persons or
corporations or affix limitations, and wills made in violation
of the statute will be void either in whole or partially. (*Hall*
v. *Hall*, 81 N. Y. 130.) A will may be procured by fraud or
undue influence, and if this is established the will is void
because it is not in law the act of the testator.

But the case presented by the fact sought to be introduced
by the amendment to the complaint in this action does not
show, or tend to show, that the will was void. It alleges
neither incompetency on the part of the testator, nor any
defect in the execution of the will, nor that the devise to the
testator's wife was in contravention of any statute, nor that it
was procured by fraud or undue influence, nor that the wife
was under any incapacity to take and hold property by will.
If the fact sought to be incorporated in the complaint can be
established, *Riggs* v. *Palmer* is an authority that a court of
equity will intervene and deprive her of the benefit of the
devise. It will defeat the fraud by staying her hand and
enjoining her from claiming under the will. But the devise
took effect on the death of the testator and transferred the
legal title and right given her by the will. The relief which
may be obtained against her is equitable and injunctive. The
court in a proper action will, by forbidding the enforcement
of a legal right, prevent her from enjoying the fruits of her
iniquity. It will not and cannot set aside the will. That is
valid, but it will act upon facts arising subsequent to its exe-
cution and deprive her of the use of the property. The civil
law debarred one who procured the death of another from
succeeding to his estate, either as testamentary heir or by

inheritance, on the ground that he was unworthy. Domat says, he shall be deprived of the inheritance (Part 2, book 1, title 1, § 3), and in the Code Napoleon, section 627, such a person is classed among those " unworthy to succeed, and as such excluded from succession." This was one of the penalties for his misconduct. It operated to exclude him from the benefit of the devise on the principle that by his conduct he had debarred himself from claiming it.

The conclusion reached makes it unnecessary to determine the question argued, whether a trial and conviction for the crime is a condition precedent to the invoking the application of the doctrine of *Riggs* v. *Palmer* in an action to debar a devisee from taking under the will of the person whose death he is charged to have feloniously caused. It is proper to state that the issue sought to be introduced in this case was tried before the surrogate on the probate of the will, and that the answering affidavits used on the motion to amend, deny in the strongest terms the charge made against the wife. The only question before us is one of statutory construction. We have no concern with the question whether it would or would not be proper to permit the trial of the issue sought to be made in an action of partition. The statute is our only guide, and having reached the conclusion that the facts alleged, if true, did not make the will void, the statutory condition does. not exist which enables the plaintiff to bring that issue into this case. It is quite true that the scope of the action of partition has been greatly enlarged by recent legislation (see *Weston* v. *Stoddard,* 137 N. Y. 127), but section 1537 excludes by necessary implication a contest in partition between a plaintiff claiming as heir and a devisee in possession, except when the " apparent devise is void," and this is not that case.

This leads to a reversal of the order of the General Term and an affirmance of the order of the Special Term, with costs.

All concur.

Ordered accordingly.