FRANK HOLDER and Others, Appellants, Impleaded with Others, *v.* SOPHIA HOLDER and Others, Defendants, Impleaded with CHARLES WALTHEW and JOHN HARVEY, as Executors, etc., of CHARLES HOLDER, Deceased, and Others, Respondents.

*Partition — when maintainable by one not in possession — a gift to a person "for the benefit of himself and his family"— it gives to him an absolute estate.*

In an action under section 1537 of the Code of Civil Procedure, allowing an heir at law to maintain an action for partition, notwithstanding an apparent devise of the real property in question, the plaintiff must allege and prove that the apparent devise is void.

*Semble*, that the modern tendency has been to relax the previous rule and to permit a disseized co-tenant to have his right and title determined in an action for partition.

The will of a testator, after giving the rents and income of his "properties and moneys" to his wife for life, provided that at her demise the "properties and moneys shall become the property of my brother, Charles Holder, for the benefit of himself and his family."

*Held*, assuming, without deciding, that the term "family" employed in the will was the equivalent of the word "children," the absolute devise to Charles Holder was not diminished by the addition of the words "for the benefit of himself and his family," such words being precatory only;

That hence the children of Charles Holder took no interest under the will of the testator.

APPEAL by the plaintiffs, Frank Holder and others, from an interlocutory judgment of the Supreme Court in favor of the defendants, Charles Walthew and John Harvey, as executors, etc., of Charles Holder, deceased, and others, entered in the office of the clerk of the county of Westchester on the 21st day of December, 1898, upon the decision of the court, rendered after a trial at the Westchester Special Term, sustaining said defendants' demurrer to the complaint.

*John Theall* and *John F. Forrester*, for the appellants.

*Cyrus A. Bishop* and *Joseph L. Glover*, for the respondents.

PER CURIAM:

There is an inaccuracy in the opinion of the court below in the statement that the case of *Weston* v. *Stoddard* (137 N. Y. 119) was not considered in the opinion delivered in *Ellerson* v. *Westcott* (148 id. 149). We think the judgment of the Special Term is cor-

rect, and we concur in the reasons assigned therefor by Mr. Justice Dykman, with the exception indicated.

All concurred.

Interlocutory judgment affirmed, with costs.

The following is the opinion of Mr. Justice DYKMAN at Special Term :

DYKMAN, J. :

This is an action for the partition of real property, and the right of the plaintiffs to maintain the same depends upon the following facts :

Henry Holder died seized and possessed of the property, leaving a last will and testament, which has been admitted to probate. The only part of the will which is material here is this : " First, after all my lawful debts are paid and discharged, I give and devise to my wife, Margaret Holder, all rents, interest of moneys and incomings from the various properties and moneys of which I am now possessed, or shall or may be possessed at my death, for her sole use and benefit during her lifetime ; and at her decease the property, properties and moneys shall become the property of my brother, Charles Holder, for the benefit of himself and his family." Thereafter Charles Holder died leaving a will, which has also been admitted to probate, and, although that will was introduced in evidence on the trial of this action, its provisions cannot be material to the questions involved in this case, because the plaintiffs base their claim upon the provisions of the will of their uncle, Henry Holder.

Charles Holder had nine children living at the time of the death of his brother Henry, and one born subsequently thereto. A demurrer to the complaint has been interposed, upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

It will be orderly to inquire first whether the plaintiffs can maintain this action, for the contention of the defendants is that they cannot because they have no possession of the property. The scope of the action for partition of land has been much enlarged by the provisions of article 2 of the Code of Civil Procedure.

Neither at the common law nor under the Revised Statutes could

the title or the right of possession of land of the plaintiff be determined in such an action. The rule had its origin in the right of the citizen to a trial by jury of all questions involving the title to land. The modern tendency; however, has been in favor of the relaxation of the rule and permitting a disseized co-tenant to have his right and title determined in an action for partition.

In obedience to such tendency the entire proceedings in an action for the partition of land was changed and regulated in this State by the Code of Civil Procedure. Now, the title and interest of the plaintiff and defendant may be controverted and tried and determined in the action. (Code, § 1543.) Yet the general rule is that possession of the plaintiff is essential to the maintenance of the action. To that rule there is one exception. Section 1537 provides that a person claiming to be entitled as joint tenant or tenant in common, by reason of his being an heir of a person who died, holding and in possession of real property, may maintain an action for the partition thereof, whether he be in or out of possession, notwithstanding an apparent devise thereof to another by the decedent and possession under such devise. But in such an action the plaintiff must allege and establish that the apparent devise is void. That section is substantially the same as section 2 of chapter 238 of the Laws of 1853. The title of that act was "An act relative to disputed wills," and the 1st section provided for the determination of the validity of a devise or will of real estate by the Supreme Court in a proper action for that purpose. The object of that act was to permit an heir of a testator to test the validity of a devise in a will of real estate by an action for partition, notwithstanding the possession of the premises was in the devisee under the will.

That constituted an exception to the general rule, which required possession either actual or constructive as the condition precedent to the maintenance of an action for partition of land.

To bring a case within the grasp and operation of that statute the plaintiff must allege and prove that he is an heir claiming lands by descent from an ancestor, who died in possession of the same, and that the lands are held under an apparent devise which is void.

The complaint in this action not only fails to state a void devise which the plaintiffs seeks to avoid, but it actually states that they

claim under a devise in the will of their uncle, Henry Holder, which they claim to be valid and sufficient to vest in them the interest which they claim in the land in question. Inasmuch, therefore, as the plaintiffs do not claim as heirs at law, and that the apparent devise is void, they do not bring themselves within the scope of section 1537 of the Code, and cannot maintain this action under that section.

The foregoing views have been expressed in obedience to the teaching of the opinion in the case of *Ellerson* v. *Westcott* (148 N. Y. 149), but I have not overlooked the case of *Weston* v. *Stoddard* (137 id. 119), which seems to hold that the principle embodied in section 1537 was extended to all cases by section 1543, and that a disseized co-tenant may maintain an action for partition.

The opinions in the cases seem to be inharmonious, but the fact that no reference is made to the *Weston* case, in the opinion in the *Ellerson* case, shows that there was no intention to interfere with the former decision.                                •

In view of the decision of the court in the *Weston* case, I do not feel at liberty to dismiss the complaint in this action because the plaintiffs are not in possession of the premises. I must, therefore, examine the case upon the merits.

The claim of the plaintiffs is that the devise in the last will and testament of Henry Holder to Charles Holder for the benefit of himself and his family vested the title in the premises in question in Charles Holder and his children, and whether that claim is well founded is the question now presented for solution.

The word "family" may include in its signification all the persons who dwell in one house under one head, and the most natural inference from the use of the word in the connection in which it is found in this will is, that the testator intended to embrace the entire family of his brother, Charles Holder, both parents and children.

Assuming, however, without deciding that the term "family" as employed here is the equivalent of the word "children," what interpretation is then to be given to the clause in question? The language is, "The property, properties and moneys shall become the property of my brother, Charles Holder, for the benefit of himself and his family." Those words give the property to Charles Holder absolutely by the first part of the sentence, and that estate so devised

could not be diminished without the employment of apt words sufficient to accomplish such diminution.

Cases have not infrequently arisen where testators have annexed to a gift words indicative of the purpose for which it was made and the motive which prompted it, and while there is no settled rule of construction for such cases, yet the best general principle that can be deduced from elementary works and adjudicated cases is that where no purpose to create a trust is expressed and the quantum of benefit to be bestowed upon the other persons specified is left within the discretion of the primary donee, the expression of motive is nugatory and will not operate to abridge the previous absolute gift to the primary donee. The following are examples of this class of cases: Where the testator directed that all his property should be at the disposal of his wife for herself and children, it was held that they were not joint tenants. (Jarm. Wills, 372.) Where a legacy was given to a father the better to enable him to provide for his younger children, the primary donee was held to be absolutely entitled. (Jarm. Wills, 374.) So where a legacy was given to A. the better to enable him to maintain and educate and provide for his family. The case of *Clarke* v. *Leupp* (88 N. Y. 228) is very similar to this and seems to be decisive of the question. In that case the language of the testator in his will was this: "I do, therefore, make this my last Will and Testament giving and bequeathing to my wife Caroline all my property * * * and do appoint my wife Caroline Maria my true and lawful attorney and sole executrix of this my Will, to take charge of my property after my death, and retain or dispose of the same for the benefit of herself and children above named," and it was there held that the widow took an absolute title to all the testator's estate, and that it was not intended by the clause succeeding to limit or cut down the absolute gifts.

The general rule of law was stated in the opinion in that case as follows: "It is well settled by a long succession of well-considered cases that when the words of the will in the first instance clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate absolutely to the donee, it will not be restricted or cut down to any less estate by subsequent or ambiguous words inferential in their intent."

The words superadded to the gift in this case are not indicative of

an intention to cut down or diminish the absolute gift to Charles Holder, and they can receive no such construction. The words are not even directory; they are precatory only.

My conclusion, therefore, is that the plaintiffs took no interest in the land in question by the devise in the will of Henry Holder, deceased. The defendants must, therefore, have judgment upon the demurrer, with costs.