Robert H. Ecker, S.
Gussie Feuerstein has petitioned for probate of the last will and testament of Nathan Katz, dated October 7, 1952, wherein she was named as executrix.
Irving Fuchs, alleging to be the sole surviving child of Nathan Katz, has filed objections to probate, claiming that there was a later last will and testament which revoked the 1952 will, and which later will was destroyed by Gussie Feuerstein who under the 1952 will was sole beneficiary.
The court has heard the proofs of the parties.
The decedent, Nathan Katz, executed the October 7, 1952, last will and testament, and the proof of its due execution is sufficient to entitle it to probate by this court.
*791 Irving Fuchs is the son of the late Nathan Katz and has standing to object to the probate of his father’s 1952 will.
There was a subsequent purported last will and testament of Nathan Katz and either it or a copy of it was destroyed by Gussie Feuerstein, statedly to prevent an inheritance by the decedent’s son, Irving Fuchs.
The contents of the second purported last will and testament are unknown other than that the son, Irving Fuchs, was a beneficiary of that will. There was no proof that the second purported will was duly executed in a manner which would entitle it to probate.
Mrs. Feuerstein is a knowledgeable person and the court has no doubt that she was familiar with the will which she destroyed and that by tearing up the will she fully intended to prevent the decedent’s son from inheriting under the will and at the same time gain the entire estate for herself under the 1952 will where she was the sole beneficiary.
Since due execution of the destroyed will has not been established, the destroyed will could not effect revocation of the 1952 will. (Matter of Andrews, 195 Misc. 421.)
The court, accordingly, has no alternative except to admit the 1952 will to probate.
Under section 190.30 of the Penal Law, it is a felony to destroy a will, codicil or other testamentary instrument.
It is well-settled law that “no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and have nowhere been superseded by statutes.” (Riggs v. Palmer, 115 N. Y. 506, 511-512.)
Although under the evidence here this court is without power to deny probate to the October 7, 1952 will of the decedent, it does have the equitable power to defeat the proponent’s fraud by staying her hand and enjoining her from claiming under that will. (Ellerson v. Westcott, 148 N. Y. 149, 154.)
Since the devise to Mrs. Feuerstein under the 1952 will took effect on the death of the testator and transferred to her the legal title to the assets passing under the will, the court will forbid her the enforcement of her legal rights under the will and from enjoying the fruits of her wrongful conduct by declaring that she hold the property passing under the 1952 will as a constructive trustee for the benefit of Irving Fuchs, the testa *792 tor’s son and sole distributee. (Bogert, Trusts and Trustees [2d ed.], § 478; Latham, v. Father Divine, 299 N. Y. 22, 26-27.)
Grussie Feuerstein has also petitioned for issuance of letters testamentary to her, she being the executrix named in the 1952 will. However, the court, in view of the foregoing findings as to her conduct and the foregoing conclusions reached by the court, declines to issue letters testamentary to her. Since there is no person eligible under SCPA 1418 (subd. 1), the court will issue letters of administration with the will annexed to the Schoharie County Treasurer.
Since the testimony revealed that Grussie Feuerstein following the decease of the testator took possession of assets of the testator, including real property, which would pass under the 1952 will and managed the property situate in the Town of Sharon, Schoharie County and realized income therefrom, the court will decree that there be an accounting by her to the administrator with will annexed so that she may receive the appropriate debits and credits and so with the estate.
In view of the fdregoing decision, the court further directs the administrator with will annexed to administer this estate for the benefit of the said Irving Fuchs as sole beneficiary. Any implementations of the constructive trust are here imposed for the benefit of the said Irving Fuchs.