CHARLES S. WESTON, Respondent, *v.* MARY R. STODDARD et al., Impleaded, etc., Appellants.

Under and by the Code of Civil Procedure (§ 1543) jurisdiction is conferred upon the court to determine, in an action for partition, all questions arising between the parties in respect to the property, as to their respective titles and rights of possession, and a disseized co-tenant may maintain the action.

The fact that by another provision of said Code (§ 1537) it is specifically provided that a party out of possession may maintain the action, when he claims by reason of heirship, and the lands are in possession of a devisee, under a devise claimed to be void, does not limit to such a case the right of a party out of possession to maintain the action.

Nor is the right limited by the fact that the provision specifying the cases when the action may be brought (§ 1532) declares that it may be brought "where two or more persons hold and are in possession of real property as joint tenants or as tenants in common," etc. What is meant thereby is not a strict *pedis possessio*, but a present right of possession.

Accordingly *held*, that one of several tenants in common could maintain the action, although his co-tenants were in possession, holding adversely; it appearing that the adverse possession had not been in force a sufficient length of time to extinguish plaintiff's title.

The rule in this regard existing prior to and the change brought about by the enactment of the provision of the Code first referred to, stated.

Reported below, 60 Hun, 290.

(Argued January 18, 1893; decided January 31, 1893.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 21, 1891, which affirmed a judg-

ment in favor of plaintiff entered upon an order of Special
Term confirming the report of commissioners in partition.

This was an action for partition.

The facts, so far as material, are stated in the opinion.

*Charles S. Lester* for appellants. The complaint should
have been dismissed because the plaintiff was neither in actual
nor constructive possession of the premises. (Code Civ. Pro.
§§ 1532, 1537; *Sullivan* v. *Sullivan*, 66 N. Y. 37; *Florence*
v. *Hopkins*, 46 id. 182; *Bennett* v. *Bundy*, 13 Wkly. Dig.
160; *Burhans* v. *Burhans*, 2 Barb. Ch. 398; *O'Dougherty*
v. *Aldrich*, 5 Den. 385; *Brownell* v. *Brownell*, 19 Wend.
367; *Hewlett* v. *Wood*, 62 N. Y. 78; *Maloney* v. *Cronin*, 44
Hun, 270; *Wainman* v. *Hampton*, 110 N. Y. 429; *Matthew-
son* v. *Johnson*, Hoff. 563; *Clapp* v. *Bromagen*, 9 Cow. 530,
564; *Reed* v. *Childs*, 4 How. Pr. 125; *Jenkins* v. *Van
Schaick*, 3 Paige, 242; *Ferriss* v. *Smith*, 17 Johns. 221.) The
judge erred in refusing to adjudge the mortgage held by Mary
R. Stoddard a valid lien, and to direct its payment. (Code
Civ. Pro. §§ 1540, 1543.) When the court declined to pass
upon the issue raised by the pleadings and proofs, as to the
validity of the mortgage held and owned by the defendant,
Mary R. Stoddard, it should have dismissed the complaint.
(*Bank of Orleans* v. *Flagg*, 3 Barb. Ch. 316; *Peyser* v.
*Wendt*, 87 N. Y. 322; *Mahr* v. *N. U. F. Ins. Co.*, 127 id.
452; Code Civ. Pro. §§ 1542, 1543, 1545; *Kortright* v. *Cady*,
21 N. Y. 364; *Bryan* v. *Butts*, 27 Barb. 503.) The mort-
gage was a valid and subsisting lien. (*Derby* v. *Yale*, 13
Hun, 277; *Daggett* v. *Tallman*, 8 Conn. 188; Cowen & Hill's
Notes, 318, 320; Willard's Eq. Juris, 44; Story's Eq. § 753;
2 Starkie on Ev. 597, 598; *C. Bank* v. *Heydorn*, 48 N. Y.
272; *Bean* v. *Tonnelle*, 94 id. 381; *Jackson* v. *DeLancy*, 11
Johns. 375.) The court erred in refusing to hold that the
defendant, Mary R. Stoddard, is entitled to retain possession
of the premises until the plaintiff has redeemed the mortgaged
premises by paying the amount due her on the mortgage.
(*Streeter* v. *Shultz*, 45 Hun, 406; *M. A. Church* v. *B. Church*,

73 N. Y. 82; *Howell* v. *Leavitt*, 95 id. 617; *Miner* v. *Beekman*, 50 id. 337; *Van Duyne* v. *Thayer*, 14 Wend. 233; *Phyfe* v. *Riley*, 15 id. 248; *Fox* v. *Lipe*, 24 id. 164; *Trimm* v. *Marsh*, 54 N. Y. 610; *Bolton* v. *Brewster*, 32 Barb. 390; *Vanderkemp* v. *Shelton*, 11 Paige, 35; 2 Barb. Ch. 199; *Bell* v. *Mayor*, etc., 10 Paige, 50, 70.)

*Winsor B. French* and *Richard L. Hand* for respondents. The issue as to title by adverse possession tendered by the pleadings was properly tried and properly decided by the trial court. (Code Civ. Pro. §§ 994, 997, 1543; *Knapp* v. *Burton*, 7 Civ. Pro. Rep. 448; 120 N. Y. 589.) The plaintiff had such possession as entitled him to maintain partition. (Code Civ. Pro. § 368; *Pope* v. *Hammer*, 74 id. 245; *LaTourette* v. *Decker*, 18 N. Y. Supp. 840; *Hulse* v. *Hulse*, 5 id. 747; *Wainman* v. *Hampton*, 110 N. Y. 429; *Conlon* v. *Rhodes*, 87 id. 348; *Homey* v. *Goings*, 13 Ill. 95.) Plaintiff was not required to redeem by paying the amount due upon the Weston mortgage (if anything) before the land could be partitioned. (*Johnson* v. *Oppenheim*, 12 Abb. [N. S.] 449; Code Civ. Pro. §§ 521, 1540, 1543, 1578; *Meigs* v. *Wells*, 5 Civ. Pro. Rep. 106, 107; *Edwards* v. *Woodruff*, 90 N. Y. 396–400; *Payne* v. *Grant*, 23 Hun, 134; *Parker* v. *C. T. Co.*, 3 N. Y. S. R. 175; *Joy* v. *White*, 6 N. Y. Supp. 571; *Hubbard* v. *Dayton*, 32 Hun, 220; Jones on Mort. § 1198; 16 Hun, 130; 60 id. 292.)

MAYNARD, J. The important question presented by this appeal relates to the defense of adverse possession. The appellants have title to an undivided three-fourths, and they allege in their answer that they have been in the actual and exclusive possession of the premises sought to be partitioned, and of every part thereof, claiming to own the same, and holding the same in hostility to the plaintiff and all other persons for more than twenty years before the commencement of this action, and that the plaintiff had actual notice of their exclusive and hostile possession; and that they were, when

this suit was brought, the absolute owners of the premises and of every part thereof. Proof was given tending to support this plea. The trial court found that the appellants were in possession at the time the action was begun, holding adversely to the plaintiff, but that such adverse possession did not commence until after 1880. The appellants thus failed to establish title to the undivided one-fourth of the premises claimed by the plaintiff and their co-defendants; but they insist, nevertheless, that the fact of adverse possession found was sufficient to defeat this action, although it had not continued for such a length of time as to afford the presumption of a grant of the title to the entire property.

There is some question made as to the sufficiency of the finding of adverse possession, and it must be admitted that there is some confusion in the record upon this point. There is the usual formal finding that the premises described in the complaint are owned by and in the possession of the plaintiff and the defendants as tenants in common as alleged, and there is the corresponding conclusion of law. At the appellants' request, the trial court also found that their possession was adverse, but qualified it with a statement that such adverse possession did not begin until after the year 1880, or less than nine years before the commencement of the action.

The record also states that the defendants moved for a nonsuit and a dismissal of the complaint upon this ground, and that thereupon the court held that the fact that the defendants are in possession of the premises claiming to hold the same adversely is no bar to the maintenance of an action for partition unless the adverse possession is continued for a length of time sufficient to ripen into a title, or over twenty years, and that plaintiff was entitled to judgment, and denied the motion. The trial judge filed a memorandum which was exclusively devoted to the support of the proposition that under the Code of Civil Procedure continuous adverse possession for less than twenty years did not bar the action; and a more elaborate opinion was subsequently filed, in which the question was considered in the light of the authorities and the same conclusion

reached. The General Term regarded the question as involved in the case and held that under section 1543 of the Code, an adverse holding, which was not of sufficient duration to afford the presumption of a grant, could not defeat the action, saying, " under.the present Code, it is what a party to the action rightfully holds, and not what he may wrongfully claim,·that determines the nature of the relief to be awarded respecting him." Under these circumstances, we think it would be a technical and unjust interpretation of this record to hold, that the question was not fairly presented, whether an adverse possession of a co-tenant of the title for a period less than the time prescribed by law to bar a possessory action, is now a good defense to an action of partition; and whether upon proof of such possession the plaintiff's complaint should be dismissed or his proceedings stayed, and he be required to recover possession of his undivided share in an action of ejectment, before he can have any relief in the partition suit. Full effect can be given to the finding that the plaintiff was the owner and in possession with the appellants as tenants in common by limiting it to the constructive possession which is deemed to follow the legal title, and which, if not rebutted, was always regarded as sufficient to support the action. ( *Wainman* v. *Hampton*, 110 N. Y. 429.) A conflict in the findings is in this way avoided, but if the two are irreconcilable, the special finding made at the request of the appellants must prevail.

Both at common law and under the Revised Statutes it was the well settled rule of practice in actions for partition to withhold relief, if it appeared that the title or the right of possession of the plaintiff was disputed, or that he had been actually ousted by his co-tenants. It was not always clear what conduct would be considered in law sufficient to effect an ouster, but the current of authority in this state prior to 1880 was uniform and unbroken that when a disseisin had been established, although for a period less than that required to extinguish his title, a tenant in common of real property must wait until he had regained possession in an action or proceeding at law before

he could insist upon a division of the property between himself and his co-tenants. The two remedies could not be enforced in the same action. There was but one exception to the rule, and that was that where the original jurisdiction of the action was purely equitable, and it had once rightfully attached, it should be made effectual for complete relief, even if it did require the determination of questions of title to real property and of conflicting claims to its possession. (*Hosford* v. *Merwin* 5 Barb. 62; *Scott* v. *Guernsey*, 60 id. 178.) The existence of this rule was not due to the indisposition of courts of equity to determine issues which were peculiarly within the province of courts of law. It was rather the result of the exceptional character of the method of procedure in partition cases, and had its origin in the practice of the common law tribunals, which for a long time had exclusive jurisdiction in this class of actions. The writ of partition was a common law process, and was an available remedy, at least, between co-parceners for over three hundred years before courts of chancery assumed jurisdiction of the subject-matter. It was returnable before judges or commissioners, specially appointed to hear the cause, and if, upon the return of the writ, it was shown that the plaintiff's title was contested, or that the lands were held adversely, the proceedings were dismissed, or suspended, until the question of title had been otherwise determined. This course was rendered necessary because a trial by jury of an issue involving the title to real property was a matter of common right, of which the citizen could not be deprived by the institution of a proceeding in which that form of trial was not permissible.

The same want of power to try such issues inhered in the procedure of the Court of Chancery, and when it extended its judicial authority so as to include the hearing of suits in partition it followed the established rules of practice in courts of law in this respect, and required the suitor to show an actual holding and possession in common with his co-tenants before it would accord to him the shelter of its jurisdiction.

When, by a change of the fundamental law of the state, the Supreme Court was empowered to administer both legal and

equitable remedies, the necessity for the existence of this rule
was but partially obviated. The essential nature of actions
was unchanged. Partition suits were still regarded as cases
of purely equitable cognizance, upon the trial of which a jury
could not be demanded as a right, and, if permitted to be
present, their verdict did not conclude the judgment of the
court upon the issues submitted to them. As the Constitution
secured inviolate the right of trial by jury in all cases where
it had theretofore been enjoyed, it was apparent that questions
of title could not be tried in these cases without some enabling
legislation. The Code of 1848 (§ 448) provided that actions
in partition brought under the Revised Statutes should be
regulated by the provisions of that Code, and it was held by
this court in *Hewlett* v. *Wood* (62 N. Y. 75) that by virtue of
this change in the practice a trial by jury could be insisted
upon as a right in a partition suit, and was no longer discre-
tionary with the court. But the rule which debarred the
court from a trial of issues of title in these actions was too
firmly entrenched to yield to any effort to change it short of
an express statutory enactment. The drift of judicial authority
in other states had meanwhile been strongly in the direction of
a relaxation or abrogation of the rule. The Supreme Court of
the United States, in *Parker* v. *Kane* (22 How. [U. S.] 17), a
partition suit arising in Wisconsin, where disputed questions of
title had been adjudicated, say: "In Great Britain a chancel-
lor might have considered this as a case in which to take the
opinion of a court of law, or to stay proceedings in the par-
tition and cross suits until an action at law had been tried to
determine the legal title. But such a proceeding could not be
expected in a state where the powers of the courts of law and
equity are exercised by the same persons."

In many of the states it has always been held that a dis-
seized co-tenant may maintain compulsory partition. ( *Call* v.
*Barker*, 12 Me. 325 ; *Marshall* v. *Crehore*, 13 Met. 464;
*Miller* v. *Dennett*, 6 N. H. 109 ; *Tabler* v. *Wiseman*, 2 Ohio
St. 207 ; *Godfrey* v. *Godfrey*, 17 Ind. 9 ; *Cook* v. *Webb*, 19
Minn. 170 ; *Howey* v. *Goings*, 13 Ill. 108 ; *Scarborough* v.

*Smith,* 18 Kan. 399; *Martin* v. *Walker,* 58 Cal. 590; *Cuyler* v. *Ferrill,* 1 Abb. C. C. 182.)

The learned author of a work on partition (Freeman, § 450) in commenting upon this condition of the authorities, says, " In truth, the limitations attending proceedings in partition are constantly weakening and the tendency to do full and complete justice to the parties in one action is becoming irresistible. Wherever the question has recently arisen as a new question, the answer to which the courts were free to give without consulting decisions made at an early day when the common law rules were more potent than at present, it has been resolved in favor of taking jurisdiction whenever the complainant shows himself seized of the requisite title whether the lands sought to be partitioned are held adversely to him or not." The legislature we think recognized the force of this tendency in the adoption of article 2, of title 1, of chapter 14 of the Code of Civil Procedure; the provisions of which, when construed according to their evident intent, plainly authorize the litigation in an action of partition of all questions of title which arise upon the pleadings between the co-tenants and their privies, who may be parties to the action. Section 1543 expressly provides that the title or interest of the plaintiff as stated in the complaint may be controverted by the answer; and the title or interest of any defendant as so stated may be controverted by his answer, or the answer of any other defendant and the title or interest of any defendant as stated in his answer may be controverted by the answer of any other defendant; and it is declared that the issues thus joined must be tried and determined in the action. Sections 1557 and 1577 provide that the judgment shall be binding and conclusive upon all the parties to the action who have been duly served and in case of a sale effectually bars each of them from all right, title and interest in the property sold.

We think that section 1543 was intended to confer upon the court, in which an action for partition may be brought, authority to try and determine all disputes which may arise between the plaintiff and his co-tenants involving their respect-

ive titles and rights of possession to the property. Theretofore nothing could be tried, if the bare fact of the common holding or tenancy was disputed. The commissioners, who framed this part of the Code, state in a preliminary note to the article that such was the radical change which they designed to effect in the existing law, and after its adoption the same purpose was asserted by one of the commissioners in a foot note to the section. The appellants contend that because section 1537 specifically provides that a party out of possession may maintain the action where he claims by reason of heirship and the lands are in possession of a devisee under a devise alleged to be void, it is equivalent to a legislative declaration that in no other case can a plaintiff, who is out of possession, bring the action. But the commissioners say that they intended to extend the principle embodied in section 1537 to all cases by the provisions of section 1543. We apprehend that the reason for the enactment of section 1537 was quite different from that suggested by counsel. Where a devisee is in possession under a devise in a probated will, he has an exclusive title to the property, which is presumptively valid against the heir and all persons claiming through the testator, and without an enabling statute the heir could not maintain partition, because, upon the face of the record, he is not a co-tenant of the title at all. Before he can bring himself into such a relation with the occupant, he must procure the judgment of the court declaring the devise void for some sufficient cause, after which he may insist upon partition between himself and the other heirs, and the purpose of the statute was to enable him to secure this two-fold relief in one action, and it had no special reference to the removal of any common-law disability of a tenant out of possession.

We cannot find that the question has arisen in this court since the second part of the Code went into effect. In *Wainman* v. *Hampton (supra)* the action was begun under the Revised Statutes, and Judge EARL calls attention specially to that fact, and states that it is to be governed by the statute and not by the Code, and thus impliedly recognizes that sub-

stantial changes in the practice may have been introduced by the latter. The decisions in the Supreme Court have been conflicting. (*Shannon* v. *Pickell*, 2 State Rep. 160 ; *Hulse* v. *Hulse*, 23 id. 123 ; *Jones* v. *Jones*, 6 id. 736 ; *Greene* v. *Greene*, 23 id. 869 ; *Gedney* v. *Trall*, 25 id. 343 ; *Knapp* v. *Burton*, 7 Civ. Pro. 448.) In recent works on practice of high authority section 1543 has been construed as abrogating the rule which prevented a recovery by a disseized co-tenant, and providing for the trial and determination in the partition action of all issues involving the title and right of possession of any of the parties. (Rumsey's Pr. 3d vol. pp. 31, 41 ; Fiero on Sp. Ac. pp. 91, 92.) We perceive no good reason for questioning the soundness of this construction. Circuity of procedure and a multiplicity of suits are thereby avoided, and these were the primary objects which the Code system of practice had in view. This scheme of the law is rendered complete by section 1544, which is entirely new, and which provides that an issue of fact joined in an action of partition is triable by a jury, and such a mode of trial thus becomes demandable as a right and preserves unbroken the constitutional guaranty.

We have not overlooked section 1532, which provides that the action may be brought where two or more persons hold and are in possession of real property as tenants in common. What is here meant is not a strict *pedis possessio*, but a present right to the possession, as distinguished from the cases in the next section, where, under certain circumstances, the remainderman may bring the action. The section must be read as a part of the article to which it pertains, and cannot be construed so literally as to render nugatory the plain purpose of the provisions with which it is associated.

· The other exceptions argued were, we think, correctly disposed of in the court below. They relate to matters which, in the form in which they were presented, rested largely in the discretion of the trial court. There was no determination of them adverse to the appellant which will in any way conclude her in any action she may bring for the foreclosure of her mortgage. All her substantial rights as mortgagee have

been preserved and securely guarded, and the opinion of the General Term, upon this branch of the case, is so exhaustive and satisfactory that further consideration of these exceptions would not be profitable.

The judgment and order should be affirmed, with costs.

All concur.

Ordered accordingly.