(61 App. Div. 1.)

### DRAKE et al. v. DRAKE et al.

(Supreme Court, Appellate Division, Fourth Department.   April 30, 1901.)

1. PARTITION—TENANTS IN COMMON—POSSESSION OF PROPERTY—ADVERSE POSSESSION.

Under Code Civ. Proc. § 1532, authorizing tenants in common who are in possession of property to bring partition, a tenant in common who is not in actual possession may maintain such action against a co-tenant who is in exclusive and adverse possession of the property, since such statute only requires a present right to possession, and not actual possession thereof.

2. SAME—QUESTIONS OF TITLE—VALIDITY OF CONVEYANCE.

Under Code Civ. Proc. § 1543, which provides that the title or interest of any party, as alleged in the pleadings, may be traversed, and which is made applicable to partition suits by section 448, the validity of a deed under which the defendant in partition claims to own property in severalty may be determined in a partition suit instituted by one who is a co-owner.

Appeal from trial term, Jefferson county.

Partition by Joseph H. Drake and others against Alonzo T. Drake and others.   From a judgment of the trial term of the supreme court in favor of defendants, plaintiffs appeal.   Reversed.

The action was commenced on the 2d day of May, 1896, for the partition of the lands described in the complaint, and situate in the town of Philadelphia, Jefferson county, N. Y.   The facts, so far as material to the determination of the questions involved upon this appeal, are as follows:   David Drake, who at the time of his death and for many years prior thereto resided in the town of Philadelphia, Jefferson county, N. Y., died on the 24th day of April, 1896.   At the time of his death he was the owner and in possession of the lands described in the complaint, consisting of six separate farms, comprising several hundred acres, and alleged by the plaintiffs to be of the value of $40,000.   The deceased was a bachelor, was 90 years of age, and was an uncle of the respondents.   On March 16, 1896, 38 days before his death, David Drake executed and acknowledged a deed of conveyance of all the lands described in the complaint, except two of the farms, to the respondents; and those two farms, by a deed executed and acknowledged at the same time, he conveyed to two of the other defendants.   Such deeds were executed and acknowledged during the last sickness of David Drake, and were delivered by him to one Kinney, with instructions to hold the same, and, in case he (Drake) did not recover, to deliver them upon his death to the grantees therein named, respectively.   Kinney accepted the deeds, and promised and agreed to carry out the directions of the grantor in respect thereto.   David Drake did not recover from his last sickness, but died on the 24th day of April, 1896, and while the deeds remained in Kinney's possession.   The deeds were not delivered by Mr. Kinney to the defendants upon the death of David Drake, nor until November, 1897, when, pursuant to a stipulation between the parties, they were delivered to the respondents, and were by them procured to be recorded in the office of the clerk of Jefferson county on the 9th day of November, 1897.   The respondents were in possession of some of the farms conveyed to them, as tenants of the deceased, David Drake, at the time of his death, and other persons were in possession of other of the farms, also as tenants.   Immediately upon the death of David Drake the respondents as-

sumed to take possession of the farms, which they were then occupying as tenants, as owners, claiming to own the same under the deeds to them; and upon the expiration of the leases to the other tenants they assumed to and did take actual possession of the other of said farms, and have ever since occupied all the lands conveyed to them, being all the lands described in the complaint, and of which the deceased died seised, except the two farms conveyed to two other of the defendants, respectively, and the respondents have ever since been in the exclusive possession of the premises so conveyed to them, claiming to own the same by virtue of said deeds. The execution and acknowledgment of the deeds by David Drake, the possession of the respondents, and their claim that they were the owners of the premises and entitled to their exclusive possession, were known to the plaintiffs at the time of the commencement of this action. Except for the deeds so executed and acknowledged by the deceased, it is apparent that the plaintiffs and the respondents would have been tenants in common of the lands in question, and this action would have been properly brought and could have been maintained. The complaint is in the usual form. It is alleged that the plaintiffs and defendants are tenants in common of the real estate described in the complaint, as the heirs at law of David Drake, deceased. The respondents by their answers set up the deeds to them from David Drake; deny that they are tenants in common with the plaintiffs, or with any of the other defendants, and allege that they are the owners in fee of all the lands described in the complaint, except the two farms conveyed to two of the other defendants. The plaintiffs served a reply upon each of the respondents, in which they allege that the deeds executed by the deceased, and purporting to convey the lands therein described, were and are void, for the reason that they were procured by fraud and undue influence, and executed at a time when the grantor was incompetent to make or execute such instruments. The issue so framed, to wit, whether or not the deeds to the respondents were void, the appellants sought to litigate, and requested to be allowed to make their proofs, and that the question be submitted to the jury for its determination. The learned trial court denied the request and dismissed the complaint, with costs, to which the appellants duly excepted. The questions presented by this appeal are: First, can the plaintiffs maintain this action, they not having been in the actual physical possession of the premises when the action was brought? And, second, can the validity of the deeds under which the respondents claim title be litigated and determined in an action of partition?

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Watson M. Rogers, for appellants.

N. F. Breen, for respondents.

McLENNAN, J. We think the precise questions involved have been decided by the court of appeals in Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, and that such decision makes a reversal of the judgment appealed from necessary. That was an action of partition. It was decided in 1893, and involved a construction of the sections of the Code of Civil Procedure relating to actions of partition, which were the same as those now in force. In that case the answering defendants concededly had title to an undivided three-fourths of the premises described in the complaint, and in their answer they alleged that they were and had been in the actual possession of the premises sought to be partitioned, and of every part thereof, claiming to own and hold the same in hostility to the plaintiff and all other persons, for more than 20 years before the commencement of the action, and that the plaintiff had actual notice of their exclusive and hostile possession, and that when the suit was brought they

were and had been the absolute owners of the premises, and every
part thereof. The issue thus raised in that case respecting the title
of the premises was tried, and the trial court found that the defend-
ants were in possession at the time the action was begun, holding ad-
versely to the plaintiff, but that such adverse possession did not com-
mence until after 1880, and therefore had not ripened into title. Par-
tition was decreed, and judgment ordered accordingly. Such judg-
ment was affirmed by the general term (60 Hun, 290, 14 N. Y. Supp.
580), and the judgment of the general term was unanimously affirmed
by the court of appeals. In that case the defendants insisted that the
court having found that they were in the exclusive possession of the
premises at the time of the commencement of the action, holding ad-
versely to the plaintiffs, the complaint should have been dismissed,
and that the validity of their alleged title could not legally be deter-
mined in an action of partition. The claim was held untenable, and
the quality and validity of the title set up as a defense were held to
have been properly litigated and determined. Concededly, the plain-
tiff there was entitled to partition, save for the defense interposed, to
wit, the exclusive possession of the premises by the defendants at the
time of the commencement of the action, and their alleged title.
Their possession was found to exist, but that was considered to be no
bar to a determination as to the validity of their alleged title. In
the case at bar, concededly, the plaintiffs would be entitled to parti-
tion, except for the defense interposed by the respondents, to wit,
their exclusive possession of the premises in question at the time the
action was commenced, and since the death of David Drake, and their
alleged title, which depends upon the validity of the deeds under
which they claim. The exclusive possession is admitted in this case
(was found as a fact by the court in the Weston Case); but that fact,
under the decision being considered, cannot preclude the plaintiffs
from having the validity of the respondents' alleged title litigated and
determined in this action. The title set up by the defendants in this
action is of no better quality, and would be no more effectual for the
purpose of establishing absolute ownership in them, than the title set
up by the defendants in Weston v. Stoddard, supra, if established.
We think it would be absurd to hold that an exclusive possession of
premises by a defendant at the time of the commencement of an ac-
tion for their partition, obtained under a claim of ownership by ad-
verse possession, is not a defense to such an action, and that pos-
session by a defendant, obtained under a claim of ownership by virtue
of a deed, would constitute such a defense; and it would be equally
absurd to hold that the validity of a title alleged to have been ac-
quired by adverse possession may be determined in such an action,
but that the validity of a title claimed to have been acquired by virtue
of an alleged deed may not be thus determined. The reasoning of the
learned court in Weston v. Stoddard, supra, fully justifies the conclu-
sion reached, and applies with equal force to the case at bar, and to
all cases where the only obstacle to partition is an alleged title which
is challenged, and possession under it, and which being out of the
way, partition would follow as a matter of course. In the opinion of
the court in that case it is pointed out that at common law and under

the Revised Statutes it was the settled practice in actions of parti-
tion to withhold relief if the title or the right of possession of the
plaintiff was disputed, and that when disseisin had been established
the tenant in common was required to regain possession in an action
at law before he could maintain an action for partition.   It is said
such became the settled rule of practice because of the fact that a
writ of partition was a common-law process, of which the common-
law tribunals had for a long time exclusive jurisdiction.   The writ
was returnable before commissioners appointed to hear the cause,
and if upon the return it appeared that the plaintiff's title was con-
tested, and that the lands were held adversely, the proceedings were
dismissed or suspended until the question of title had been otherwise
determined.   This course was necessary because the citizen was enti-
tled to have an issue involving title to his real property determined
by a jury, and there was no provision for a jury trial in an action of
partition.   For the same reason the court of chancery refused to grant
relief in such an action unless the plaintiff showed an actual hold-
ing and possession in common with his co-tenants.

When the supreme court of this state was empowered to administer
both legal and equitable remedies, partition suits continued to be re-
garded as cases of purely equitable cognizance, and upon the trial of
such cases a jury trial could not be demanded as a right, which fact
alone was a sufficient reason for not permitting issues involving the
title to real property to be determined in a partition action.   In fact,
it necessarily prohibited the determination of such an issue.   Owing
to the state of the law thus existing, namely, the right to a trial by
jury of issues involving the title to real property, and partition suits
being of equitable cognizance, and there being no provision for the
trial by a jury of issues arising in such actions in a court of equity,
the prohibition continued until the adoption of the Code of Civil Pro-
cedure in 1848.   By section 448 of the act it was provided that actions
of partition brought under the Revised Statutes should be regulated
by the provisions of that Code, and in construing the section the court
of appeals held in Hewlett v. Wood, 62 N. Y. 75, that in a partition
suit a trial by a jury could be insisted upon as a right.   The headnote
in that case is as follows:

"An action for partition is an equitable action; but as the provisions of
the Revised Statutes are by the Code (section 448) made applicable to such
actions, where issues of fact are presented by the pleadings, a jury trial
is a matter of right."

With that provision of law thus construed, it would seem that no
substantial reason longer existed for the rule which had so long pre-
vailed, and which prohibited the trial of issues arising in partition
actions affecting the title to the lands which it was sought to parti-
tion.   Any party to such an action then became entitled, as matter of
right, to have the issues determined by a jury in the partition action;
and it is not apparent why it should then be necessary to have certain
of the issues determined by a jury in that action under section 448,
and certain other of the issues, and which affected the title to the
property which was the subject of the partition suit, determined in
another action,—perchance an action, brought also in a court of

equity, to set aside as void a deed of the premises. Under the law as it then existed the rights of all the parties could be properly determined in one action, and all issues determined by a jury at the instance of any party, where the right to a trial by jury of such issues had theretofore existed. Thus, circuity of procedure and multiplicity of suits, which it was the primary object of the Code to prevent, were avoided. The rule of practice which had so long prevailed in this state, and which prohibited the trial of issues affecting title in actions of partition, was repudiated by the supreme court of the United States in Parker v. Kane, 22 How. 17, 16 L. Ed. 286, which was a partition suit arising in Wisconsin, in which disputed questions of title had been adjudicated by the court below. Mr. Justice Campbell, in delivering the opinion of the court, said:

"In Great Britain a chancellor might have considered this a case in which to take the opinion of a court of law, or to stay proceedings in the partition and cross suits until an action of law had been tried, to determine the legal title. * * * But such a proceeding could not be expected in a state where the powers of the courts of law and equity are exercised by the same persons."

Substantially the same doctrine has been enunciated by the courts of many of the states of the Union, as will appear by an examination of the cases cited in the opinion of the court in Weston v. Stoddard, at page 125, 137 N. Y., page 64, 33 N. E., and page 629, 20 L. R. A. It is true, as suggested by respondents' counsel, that after the law relating to actions of partition was changed by the adoption of the Code of 1848, and even after section 448 of that Code was interpreted by the court of appeals in Hewlett v. Wood, supra, and held to secure the right to a trial by jury of the issues involved in such an action, the court of appeals continued to adhere to the old rule, and to hold that an issue involving title could not be determined in a partition action. This was, in effect, held in Jordan v. Van Epps, 85 N. Y. 434, and expressly held in Culver v. Rhodes, 87 N. Y. 348. Although there was some conflict in the decisions of the supreme court, it may be said to have been the rule until Weston v. Stoddard, supra, was decided. By that decision the rule was expressly changed. After a discussion of the authorities and of the sections of the Code then and now in force, Judge Maynard, in writing the opinion of the court, said:

"We think that section 1543 was intended to confer upon the court, in which an action for partition may be brought, authority to try and determine all disputes which may arise between the plaintiff and his co-tenants, involving their respective titles and rights of possession to the property. Theretofore nothing could be tried if the bare fact of the common holding or tenancy was disputed. The commissioners who framed this part of the Code state in a preliminary note to the article that such was the radical change which they designed to effect in the existing law, and after its adoption the same purpose was asserted by one of the commissioners in a footnote to the section."

The learned judge also considered and interpreted section 1532 of the Code of Civil Procedure, which by its express language, respondents' counsel insists, prevents these plaintiffs from maintaining this action, for the reason that they were not in the actual physical possession of the premises in question at the time the action was

begun. That section provides, "Where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common," such action may be brought. With reference to the meaning of that section, the court, in Weston v. Stoddard, supra, said:

"What is here meant is not a strict pedis possessio, but a present right to the possession, as distinguished from the cases in the next section, where, under certain circumstances, the remainder-man may bring the action. The section must be read as a part of the article to which it pertains, and cannot be construed so literally as to render nugatory the plain provisions of the section with which it is associated."

So far as we have been able to discover, the decision in the case of Weston v. Stoddard, supra, has not been questioned, or its scope in any manner restricted.

In Ellerson v. Westcott, 148 N. Y. 149, 42 N. E. 540, it is said by the court, at page 155, 148 N. Y., and page 542, 42 N. E.: "It is quite true that the scope of the action of partition has been greatly enlarged by recent legislation"; and Weston v. Stoddard is cited in support of the proposition, and with approval. In the Ellerson Case the court said that section 1537 of the Code of Civil Procedure excludes, by necessary implication, a contest in partition between a plaintiff claiming as heir, and a devisee in possession, except where the "apparent devise is void"; but we fail to see how that proposition can aid the respondents' contention. In that case it was sought to litigate in an action of partition the question as to whether or not the devisee in possession had willfully caused the death of the testator, and so was not entitled to take under the devise, under the authority of Riggs v. Palmer, 115 N. Y. 514, 22 N. E. 188. It was held that, even if the alleged facts were proven, it would not make the devise void, and that the plaintiff's only remedy, if such facts were established, would be to obtain an injunction and enjoin the defendant from claiming or obtaining the devise to her; and it was held that such relief could not be obtained in a partition action. It is pointed out in that case that incompetency on the part of the testator, defect in the execution of the will, that the devise was in contravention of any statute, or that it was procured to be made by fraud or undue influence, were not alleged. Stress is laid by respondents' counsel upon the language of the court at page 152, 148 N. Y., and at page 541, 42 N. E., where, after quoting the provisions of section 1532 of the Code of Civil Procedure, the court said:

"The plaintiff, not being in possession, and not sustaining the relation of tenant in common or joint tenant to the defendants who were in possession, cannot maintain an action for partition unless by reason of the exception contained in section 1537."

We think by the use of that language the court did not mean an actual physical possession of the premises, but "a present right to the possession," which was held by Judge Maynard to be the true meaning of the words used in the section of the Code referred to.

The scope and meaning of the decision of the court in Weston v. Stoddard, supra, have been repeatedly interpreted as above indicated by the supreme court of this state. Biglow v. Biglow, 39 App. Div.

103, 56 N. Y. Supp. 794, was an action for partition. The complaint contained the usual allegations. Two of the defendants answered, denied the allegations of the complaint, and averred that they were the owners in fee of the premises, and that the plaintiff or her husband were never in possession or owners; and they alleged adverse possession for 25 years. Those issues were tried in that action, and a judgment rendered adverse to the defendants, from which an appeal was taken to the appellate division, Third department. It was held that those issues were properly determined in that action. Justice Merwin, in writing the opinion of the court, said:

"It is further, in substance, claimed that by reason of the possession of appellants the plaintiff cannot maintain partition. In Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, it was held that under section 1532, relating to actions of partition, a present right of possession was sufficient, and that an adverse possession by a co-tenant, if it had not existed long enough to extinguish the plaintiff's title, would not prevent the maintenance of the action. An occupation by another than the owner is deemed to be under and in subordination to the legal title, unless there is an adverse possession for twenty years. Code Civ. Proc. § 368."

In Holder v. Holder, 40 App. Div. 255, 59 N. Y. Supp. 204, the court said:

"Neither at the common law nor under the Revised Statutes could the title or the right of possession of land of the plaintiff be determined in such an action [of partition]. The rule had its origin in the right of the citizen to a trial by jury of all questions involving the title to land. The modern tendency, however, has been in favor of the relaxation of the rule, and permitting a disseised co-tenant to have his right and title determined in an action for partition."

And the court further said:

"But I have not overlooked the case of Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, which seems to hold that the principle embodied in section 1537 was extended to all cases by section 1543, and that a disseised co-tenant may maintain an action for partition."

Affirmed in 167 N. Y. ——, 61 N. E. ——, without an opinion.

In Bender v. Terwilliger, 48 App. Div. 371, 63 N. Y. Supp. 269, the headnote is as follows:

"The possession necessary to the maintenance of an action of partition, under section 1532 of the Code of Civil Procedure, is that constructive possession which follows the title, and not the actual physical possession."

In that case one of the defendants answered, and alleged that he was a tenant by the curtesy, and entitled to the possession and enjoyment during his life of the entire real estate described in the complaint. Under the authority of Weston v. Stoddard, supra, it was held that the issue thus raised was properly triable in a partition action.

Many other decisions might be referred to, indicating the interpretation which has been placed upon the decision in Weston v. Stoddard, supra. As a result of that decision and of the decisions which have followed, we think the rule now in force applicable to the trial of an issue of title arising in an action of partition may be stated to be: A person who is entitled to the possession of real property as a joint tenant or tenant in common, save for an alleged title of his co-tenant which is challenged, may maintain an action for the par-

tition of such property, although such co-tenant may be in the actual and exclusive possession thereof under such alleged title; and in such an action he is entitled to have the validity of such alleged title determined, and, if found to be invalid, is entitled to a judgment of partition. It follows that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event. All concur.