### SATTERLEE v. KOBBE et al.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

PARTITION—PARTIES—TENANTS IN COMMON—ADVERSE CLAIMANTS.

　　In partition by a tenant in common against his cotenants, persons claiming title to the whole property adverse to plaintiff and the cotenants cannot be made parties, and compelled to litigate their title therein.

　　McLennan, J., dissenting.

Appeal from special term, Jefferson county.

Partition by Edward R. Satterlee against Alice L. Kobbe and others. From a judgment dismissing the complaint as to five of the defendants, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Elon R. Brown, for appellant.

Watson M. Rogers, for respondents.

WILLIAMS, J. The judgment appealed from should be affirmed, with costs. The action was brought for the partition of real property. It was alleged in the complaint, and stated in the opening by counsel, that some of the defendants other than the six respondents were tenants in common with the plaintiff of the real property; that the six respondent defendants were not tenants in common with the plaintiff, but claimed title to portions of the real property adversely to the plaintiff, and would not be tenants in common with the plaintiff, whether their claims were held valid or invalid; that their claims were without right; and the relief sought against them was a decree that their claims were invalid, and that they had no right, title, or interest in the property. The complaint was dismissed against these six defendants upon the ground that the action could not, in view of the facts alleged and stated, be maintained against them.

When this case was before this court on appeal from a judgment overruling a demurrer to the original complaint, the court, in its opinion, said:

"This action, however, is evidently brought to test an adverse title; for plaintiff asks that it be adjudged invalid, and that the cotenants be decreed to be entitled to the possession of the lands described in the complaint. If this is the situation, then it cannot be determined in this action. The facts should be stated in the complaint, and, if the controversy is to turn on two adverse titles, that question can be raised by demurrer, thus avoiding a trial." Satterlee v. Kobbe, 39 App. Div. 423, 57 N. Y. Supp. 341.

The judgment was reversed, and the demurrer sustained, with leave to plead over. The complaint was then amended so as to state the facts as to these six defendants' claims, and, it appearing that the controversy was over these adverse titles, the suggestion of the court was then adopted, and the complaint dismissed as to these defendants on the ground that such controversy could not be settled in this action. This court was right in its suggestion made on the former appeal, and the court below was right in following that suggestion in the disposition of the case on the trial. The question involved is not whether adverse claims between alleged contestants, or persons properly made parties to the action, can be determined therein. Section 1543, Code Civ. Proc., expressly provides they may be. The question is whether persons may be made parties to such action, and compelled to litigate their title therein, merely because they claim title adverse to the plaintiff and all his cotenants. There is no provision of the Code to which our attention has been called providing that such persons must be or may be made parties to an action in partition. They have no interest whatever in a partition of the property. They claim the whole title, and the appropriate action to settle their rights is one to recover real property, or to compel the determination of claims to real property, provided for by the Code of Civil Procedure. In such form of action defendants may have a second and a third trial without an appeal from or reversal of the judgments resulting from the former trials. No such right is afforded in the action for partition. The Code of Civil Procedure expressly provides what persons must be, and what other persons may be, made parties to the action for partition; and it is not permitted that a plaintiff may bring in parties not provided for by the Code, in order to compel the determination of adverse claims to real property in this action. Some of the cases cited by counsel relate to the right to litigate claims of title between persons concededly proper parties to the action. Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697; Drake v. Drake, 61 App. Div. 1, 70 N. Y. Supp. 163; Ellerson v. Wescott, 148 N. Y. 149, 42 N. E. 540. And there are some cases where the court appeared to take the broader view that persons may be made parties merely for the purpose of litigating their claims of title to the property to be partitioned. Bigelow v. Bigelow, 39 App. Div. 103, 56 N. Y. Supp. 794; Holder v. Holder, 40 App. Div. 255, 59 N. Y. Supp. 204; Best v. Zeh, 82 Hun, 232, 31 N. Y. Supp. 230. It seems to us that the true rule is stated by us above,—that claims

of adverse title can only be litigated between such persons as the Code of Civil Procedure provides must or may be made parties thereto, and that persons merely claiming the whole title adversely to the cotenants are not necessary or proper parties, and they cannot be compelled to litigate their titles in the action for partition.

The judgment appealed from should be affirmed, with costs. All concur, except McLENNAN, J., who dissents, on authority of Weston v. Stoddard and Drake v. Drake, above.