(37 Misc. Rep. 204.)

## KAISER v. ADAMI et al.

(Supreme Court, Special Term, New York County.   February. 1902.)

1. PARTITION—DECREE—DISTRIBUTION.
   A widow, entitled under her husband's will to a life estate so long as she remained a widow, invested wrongfully his personalty in realty and obtained absolute title to the latter.   She was compelled by suit in equity to have the same sold by a referee, and a receiver was appointed to collect the income of the proceeds and apply a part of it to the devastavit until it would be made good.   An heir, after her death and before the devastavit had been made good, brought suit to partition all of testator's real estate and the proceeds of the sale by the referee.   *Held*, that the court could, in such action, not only decree partition, but direct distribution of the moneys in the hands of the receiver, treating them as real estate.

2. WILL—CONSTRUCTION.
   Where a will was framed on the theory that the widow of testator would remarry, but she did not do so, and no disposition was made of her life estate in case she did not remarry, the property passes on her death as intestate property.

Action by Magdalena Kaiser against Louisa Adami and others. Judgment for plaintiff.

Wager, Acker & Wager (George W. Wager, of counsel), for plaintiff.

Alfred & Charles Steckler (Alfred Steckler, of counsel), for defendant Louisa Adami.

Levin L. Brown, guardian ad litem, for defendants Catherine Hall and John M. Schwab.

Max Myers, guardian ad litem, for Emma Schwab.

CLARKE, J.   Frederick Schwab died on the 22d day of June, 1892, seised in fee of three separate parcels of real estate, and possessed of considerable personal property.   He left a last will and testament, which was duly probated September 6, 1892.   His widow and

seven children survived him.   His will, in the first clause thereof, provided as follows:

"After all my lawful debts, funeral and testamentary expenses are paid and discharged, I give, devise, and bequeath unto my beloved wife, Barbara Schwab, all my real and personal estate, of every kind and nature, to have and to hold the same for her sole use and benefit during her natural life, and so long as she shall remain my widow."

He appointed two of his daughters executrices, and they qualified, but never took possession of his property.   One of the parcels of real estate left by him consisted of four vacant lots on Forest avenue, borough of the Bronx.   The wife, Barbara Schwab, took possession of the personal property, amounting to some $8,000, and used the same in the erection of four houses upon the said four lots.   There was a prior mortgage on said lots in the sum of $2,000.   She procured an assignment of the said mortgage to be made to a friend, caused the same to be foreclosed in her own interest, and purchased the property at a nominal sum.   She then sold one house and lot and received the purchase money, and mortgaged the three remaining houses and lots for $1,500 each, retaining the fee in her own name. In an action in equity brought upon these transactions of the widow a judgment and decree were entered, which decreed the title of the widow in these houses and lots to be in the estate, decreed the houses to be sold by a referee, directed the referee to pay all arrears of taxes and assessments upon all the real estate and pay the balance of the proceeds to a receiver appointed to take charge of all the real estate, collect the income thereof, and to pay 40 per cent. of the net income to said widow, and to retain 60 per cent. thereof and apply the same to the deficit of the devastated estate until the whole of said deficit was liquidated, and to thereafter pay over the whole of said net income to the widow.   This the said receiver has done.   In 1900 the widow died, never having remarried, and the deficit due the estate not having been entirely replaced.   The receiver still collects the rents, and they now accumulate in his hands, he having no authority to pay out the same under the decree, and no authority under the will permitting their payment.   The incompetency of the executrices required the custody of the estate to be placed in the hands of the receiver for the benefit of the estate and of the widow, the life tenant. As above set forth, the first paragraph of the will gave a life estate to the widow so long as she remained unmarried.   The will was framed upon the theory that she would remarry, for the remaining paragraphs make various provisions in regard to both the personal and real estate in the event of such remarriage.   But, as she did not remarry, such provisions are of no force or effect.   Two of the seven children left by testator died intestate, unmarried, without issue and under 21, before the widow.   Five now survive, three of whom are minors, the youngest being 16 years of age.   The complaint alleges that the plaintiff and four of the defendants, the children above alluded to, are the only heirs at law of said Frederick Schwab, and are the owners in fee and tenants in common of the parcels of real estate undisposed of, and of the proceeds of the sale as above set forth, if the same be adjudged real estate, and, if adjudged personalty, then to

distributive shares therein; sets up the facts above enumerated, and demands judgment of partition, a construction of the will, that the receiver account, and the moneys in his hands be distributed. Under the modern doctrine applying to the action of partition by the provisions of the Code, I find no difficulty in this court sitting in equity disposing of all these questions in one action, all the parties being before it and all asking its aid. Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697; Wager v. Wager, 89 N. Y. 161. My view of the matter is that it is perfectly plain that the testator contemplated the remarriage of his wife, and was so firmly fixed in that belief that he made absolutely no provision to meet the contingency of her failure to remarry. The whole scheme of the will is based upon that proposition. She not having remarried, the scheme fails, and the children take as heirs at law, and so are seised of the fee, he having so died intestate in that regard. As to the situation made by the interposition of the court in equity in directing the sale of certain of the real estate in which the widow had wrongfully invested the personal estate, and the appointment of a receiver, as he is now without authority to do otherwise than accumulate and hold the income, and as the decree which appointed him provided for further direction by the court, and as he is a party to this action and joins in the prayer for the determination of the whole matter, I see no difficulty in treating the moneys in his hands as real estate derived from the sale of the four lots and providing for his accounting and the payment into court of the balance found due by him, said sum to be added to the fund to be obtained on the sale in partition of the remaining real estate for division among the children, for whether real estate or personal the share to which each is entitled is the same. The situation is such that a court of equity must, when called on, settle the existing difficulties. Of course, provision should be made in the decree for proper safeguarding of the infants' shares. This disposition will avoid multiplicity of suits, and is within equitable power of the court. The relief prayed for will be granted in accordance with this memorandum. Submit form of decision upon notice.

Judgment accordingly.