BOOTH v. FORDHAM et al.

(Supreme Court, Appellate Division, Fourth Department. May 27, 1902.)

1. PARTITION—ISSUES TRIABLE.

Plaintiff in partition against his sister and father claimed an undivided one-half of the premises under a deed to himself and respondent sister, and alleged that the interest claimed by the father was derived from the sister. Respondents controverted his title, alleging that the deed

under which he claimed had never been executed and delivered. *Held*, that the issues were properly triable in partition.

2. SAME—PARTIES.

Under the issues formed, the sister and father were proper parties.

Appeal from trial term, Monroe county.

Partition by Edward R. Booth against Carrie H. Fordham and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

George P. Decker, for appellant.
J. P. Morse, for respondents.

HISCOCK, J. This action was brought by the plaintiff, who is the brother of the defendant Carrie Fordham and the son of the defendant Booth, for the partition of certain real estate. His complaint set forth, in substance, amongst other things, by appropriate allegations, that he and his sister were co-tenants of the real estate described under a deed from the defendant Booth and his wife; that his defendant sister Fordham at the time of the commencement of the action resided upon a portion of the land in question, and that the defendant Booth was, or claimed to be, in occupation of parts of said premises; that the latter had no right of possession or of occupation of the premises as against the plaintiff, and that whatever rights he had or claimed were under the defendant Carrie Fordham, the extent or nature thereof being unknown to the plaintiff. The defendants above named as respondents served answers, which, while separate, were substantially identical. Outside of the denials of various allegations of plaintiff's complaint, several affirmative defenses were set forth, some of which were more or less contradictory and at variance with each other. As we are able to gather from the record and arguments presented to us, the defense set forth in said answers which was urged upon the trial by said defendants was that the deed relied upon by plaintiff as conveying to him and his sister the premises in question was executed merely for the purpose of passing title to said premises from Abial Booth's wife to himself, and that the same was put upon record without the latter's consent, and was never delivered to plaintiff and his sister. It was suggested upon the argument in this court that said Abial Booth also made the defense that he had acquired title to said premises by adverse possession, but no such defense was set forth in the answers, and we are unable to determine from the record that any such defense was presented or urged upon the trial.

The questions whether the deed in issue was delivered to the grantees, and whether there was a consideration for the same, were submitted to the jury, which found a verdict thereon in plaintiff's favor. At the close of all the evidence defendants made a motion that the complaint be dismissed "upon the ground that plaintiff has not made out an action to maintain an action in partition." The decision upon this motion was reserved pending the verdict of the jury. After the latter was rendered, it was decided in favor of the

·defendants. No opinon, however, was handed down indicating the grounds upon which the motion was granted. Under all of these cir·cumstances we are not very accurately informed as to the propositions which were presented by the parties to the learned trial justice, or upon which he based his decision. Upon all of the questions which we are able to conceive of as having been involved in the trial, we think, however, that plaintiff was entitled to have said motion denied.

Upon the principal disputed question of fact—whether the deed conveying the premises in question to plaintiff and his sister was executed and so delivered as to convey title—we think there was ample evidence to present an issue of fact, and to sustain the finding of the jury thereon. The allegations contained in the answers served in behalf of the two defendants, that plaintiff had become vested with the title to one-half of the premises in question subject to a life estate of his father, bore strongly as a matter of evidence upon this ·question, and it was supplemented by other testimony in the case. The relations between the grantor and the grantees in that deed of father and children supplied a sufficient consideration for the convey-ance.

If we assume that the complaint was dismissed upon the ground that issues were raised and involved which could not be tried in an action of partition, we think such disposition was error. The plaintiff stated his title or interest in the property as an undivided one-half, and that his sister, as his co-tenant, was entitled to the other one-half; that whatever interest the defendant Booth had in the premises was under such co-tenant. He even specified the conveyance upon which this claim of title or interest was based, and which conveyance upon the face sustained his allegations. The defendants, who, under the allegations of the complaint and upon the facts as developed, were proper parties, by denials and otherwise in their answers controverted his title and interest. They sought to escape the effect of the record title which did make him and his sister co-tenants by alleging and proving that the deed, as a matter of fact, was never so executed and delivered as to pass such title. We think the issues thus raised were clearly triable in this action of partition. Section 1543, Code Civ. Proc.; Drake v. Drake, 61 App. Div. 1, 70 N. Y. Supp. 163; Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697; Satterlee v. Kobbe, 66 App. Div. 306, 72 N. Y. Supp. 675. In accordance with these views we think the judgment appealed from should be reversed, and a new trial granted.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only. All concur.