EDWARD R. BOOTH, Appellant, *v.* CARRIE H. FORDHAM and ABIAL
D. BOOTH, Respondents, Impleaded with Others.

*Partition suit — issue whether a deed under which plaintiff claims was executed and delivered.*

An issue as to whether a deed, under which a person claimed to be a tenant in common of certain premises, had ever been executed and delivered, is triable in an action of partition brought by such person.

APPEAL by the plaintiff, Edward R. Booth, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 28th day of February, 1902, upon a nonsuit granted by the court at the Monroe Trial Term, after certain questions had been submitted to the jury and a verdict rendered in favor of the plaintiff.

The judgment, which purports to have been entered upon the direction of the court granting a nonsuit, adjudges that the complaint be dismissed upon the merits. There appears to have been no formal order or decision directing that the motion for a nonsuit be granted and the complaint be dismissed.

*George P. Decker*, for the appellant.

*John P. Morse*, for the respondents.

HISCOCK, J.:

This action was brought by the plaintiff, who is the brother of the defendant Carrie Fordham and the son of the defendant Booth, for the partition of certain real estate. His complaint set forth in substance, among other things, by appropriate allegations, that he and his sister were cotenants of the real estate described under a deed from the defendant Booth and his wife; that his defendant sister Fordham, at the time of the commencement of the action, resided upon a portion of the land in question, and that the defendant Booth was, or claimed to be, in occupation of parts of said premises; that the latter had no right of possession or of occupation of the premises as against the plaintiff, and that whatever rights he had or claimed were under the defendant Carrie Fordham, the extent or nature thereof being unknown to the plaintiff.

The defendants above named as respondents served answers which while separate were substantially identical. Outside of the denials of various allegations of plaintiff's complaint several affirmative defenses were set forth, some of which were more or less contradictory and at variance with each other. As we are able to gather from the record and arguments presented to us the defense set forth in said answers which was urged upon the trial by said defendants was that the deed relied upon by plaintiff as conveying to him and his sister the premises in question, was executed merely for the purpose of passing title to said premises from Abial Booth's wife to himself, and that the same was put upon record without the latter's consent and was never delivered to plaintiff and his sister.

It was suggested upon the argument in this court that said Abial Booth also made the defense that he had acquired title to said premises by adverse possession, but no such defense was set forth in the answers, and we are unable to determine from the record that any such defense was presented or urged upon the trial.

The questions whether the deed in issue was delivered to the grantees, and whether there was a consideration for the same, were submitted to the jury which found a verdict thereon in plaintiff's favor. At the close of all the evidence defendants made a motion that the complaint be dismissed " upon the ground that the plaintiff has not made out an action to maintain an action in partition." The decision upon this motion was reserved pending the verdict of the jury. After the latter was rendered it was decided in favor of the defendants. No opinion, however, was handed down indicating the grounds upon which the motion was granted. Under all of these circumstances we are not very accurately informed as to the propositions which were presented by the parties to the learned trial justice or upon which he based his decision. Upon all of the questions which we are able to conceive of as having been involved in the trial, we think, however, that plaintiff was entitled to have said motion denied.

Upon the principal disputed question of fact, whether the deed conveying the premises in question to plaintiff and his sister was executed and so delivered as to convey title, we think there was ample evidence to present an issue of fact and to sustain the finding of the jury thereon. The allegations contained in the answers

served in behalf of the two defendants that plaintiff had become vested with the title to one-half of the premises in question subject to a life estate of his father, bore strongly as a matter of evidence upon this question and it was supplemented by other testimony in the case. The relations between the grantor and the grantees in that deed of father and children supplied a sufficient consideration for the conveyance.

If we assume that the complaint was dismissed upon the ground that issues were raised and involved which could not be tried in an action of partition, we think such disposition was error. . The plaintiff stated his title or interest in the property as an undivided one-half and that his sister as his cotenant was entitled to the other one-half; that whatever interest the defendant Booth had in the premises was under such cotenant. He even specified the conveyance upon which this claim of title or interest was based, and which conveyance upon the face sustained his allegations. The defendants, who, under the allegations of the complaint and upon the facts as developed, were proper parties, by denials and otherwise in their answers controverted his title and interest. They sought to escape the effect of the record title which did make him and his sister cotenants by alleging and proving that the deed as a matter of fact was never so executed and delivered as to pass such title. We think the issues thus raised were clearly triable in this action of partition. (Code Civ. Proc. § 1543; *Drake* v. *Drake*, 61 App. Div. 1; *Weston* v. *Stoddard*, 137 N. Y. 119; *Satterlee* v. *Kobbe*, 66 App. Div. 306.)

In accordance with these views we think the judgment appealed from should be reversed and a new trial granted.

ADAMS, P. J., McLENNAN, SPRING and WILLIAMS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event, upon questions of law only.