(121 App. Div. 269)

LEIDENTHAL et al. v. LEIDENTHAL et al.

(Supreme Court, Appellate Division, Second Department.   July 23, 1907.)

1. CANCELLATION OF INSTRUMENTS—SUFFICIENCY OF COMPLAINT.
    A complaint alleging that plaintiffs' deceased father and wife executed deeds to their minor daughter, which are void because of their nondelivery and acceptance by the grantee, and that upon the death of the father the land conveyed vested in his heirs at law, of which plaintiffs are two, and asking that the deeds be set aside, and that partition be had among the heirs, states a good cause of action for the setting aside of the deeds, as well as for partition.

2. PARTITION—SCOPE OF INQUIRY—QUESTION OF TITLE—VALIDITY OF CONVEYANCE.
    In a suit brought by heirs at law to partition land alleged to have been deeded to a minor daughter by the decedent, where the defendants claimed that the grantee in the deeds was the wife of decedent, the question whether the grantee named in the deeds was the daughter, and, if so, whether there had been a delivery and acceptance, were proper subjects of inquiry.

3. SAME—EXTENT OF RELIEF.
    All controversies as to the title of property sought to be partitioned may be litigated and decided favorably to a plaintiff, although in the same action he obtains partition.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, §§ 33–38.]

4. SAME—TITLE TO SUPPORT ACTION.
    Possession is not necessary to the maintaining of an action of partition by one having an interest by ownership in fee in the property.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partition, §§ 60–63.]

5. DEEDS—EVIDENCE—IDENTITY OF PARTIES.
    In a partition proceeding, evidence *held* sufficient to sustain a finding that the decedent and his wife, in executing a deed to the land which was never delivered, intended that decedent's daughter should be the grantee.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, § 620.]

6. SAME.
    In a partition proceeding, evidence *held* to sustain a finding that deeds from a deceased ancestor conveying the land in question were void, because without consideration, and because they were never delivered to the grantee.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, §§ 625, 635.]

Appeal from Special Term, Kings County.

Action by Ida Leidenthal and another against Mary Leidenthal and others. From an interlocutory judgment for plaintiffs, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Francis A. McCloskey and Charles J. Belfer, for appellants.

James C. Cropsey (Charles A. Wendell, on the brief), for respondents.

RICH, J.   The defendants appeal from an interlocutory judgment in an action brought to have certain deeds of real property, situate in the borough of Brooklyn, executed by plaintiff's deceased father, Christian Leidenthal, and his wife, to Anna Maria Leidenthal, declared null, void, and of no effect, because of their nondelivery to and acceptance by Anna Leidenthal, a daughter of the decedent and a minor at the time of their execution; that the grantee named in such deeds is such daughter; that upon the death of said Christian intestate said realty vested in his heirs at law, of whom the plaintiffs are two; and that partition be had among such heirs as their interests may appear.

The contention of the defendants is that the grantee in said deeds is the widow—sued by the name of "Mary"—and that she is the sole owner and in the sole possession of said property. They contend that the action is for partition only, and cannot be maintained, for the reason that it is not alleged that the plaintiffs hold and are in possession as joint tenants or tenants in common of the property sought to be partitioned, as required by section 1532 of the Code of Civil Procedure, and that the proof shows that the defendant widow is, and has been since said conveyances were made, in the sole possession thereof, and that the trial court erred in not dismissing the complaint upon their motion based on that ground; citing Doane v. Mercantile Trust Company, 160 N. Y. 494, 55 N. E. 296. The complaint alleges a good cause of action for the setting aside of the deeds, as well as for partition; and the question whether the grantee named in the deeds was the daughter, and, if so, whether there had been a delivery and acceptance, were proper subjects of inquiry. Booth v. Fordham, 73 App. Div. 109, 76 N. Y. Supp. 664; Drake v. Drake, 61 App. Div. 1, 70 N. Y. Supp. 163.

It is well-settled law that all controversies as to the title of property sought to be partitioned may be litigated and decided favorably to a plaintiff, although in the same action he obtains partition. Place v. Kennedy, 89 App. Div. 167, 85 N. Y. Supp. 766. The Court of Appeals in Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697, Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952, and Wallace v. McEchron, 176 N. Y. 424, 68 N. E. 663, has established the rule that possession is not necessary to the maintaining of an action of partition by one having an interest by ownership in fee in the property. In the Doane Case, supra, no facts were alleged showing that the plaintiffs had any interest in the property; while in the case at

bar it is alleged that the deceased was seised in fee of the premises when he executed the deeds, that they were invalid and void, and for that reason, the grantor dying intestate, the property descended to his heirs at law, whose names and the interest of each are specifically stated, and it appeared upon the trial that three of such heirs and the widow were in the actual occupancy of the property.

The facts presented are extraordinary, and the contentions of the respective parties find support to an almost equal degree. Christian Leidenthal, the deceased grantor, was an active, forehanded German, who during his lifetime had acquired property of considerable value. He was twice married; his first wife being the mother of his six children, who are parties to the action. No children were born of his second marriage. On June 11th, 1890, he married the woman who is now his widow; he being then 48 and she 41 years of age. Their married life was a happy one. He was then engaged in conducting a meat market business, and derived an income from the rentals of some of his real property. Shortly prior to the execution of the deeds one of his tenants threatened to sue him for damages. The evidence clearly establishes that the main cause leading to their execution was his apprehension that a judgment would be recovered and enforced from his property. By five deeds and a bill of sale, dated May 1, 1902, acknowledged May 15th, and recorded and filed May 16th, in which deeds his wife, by the name of "Mary Leidenthal," united, he conveyed all of his real property (being that which is the subject of this action) and transferred his business to "Anna Maria Leidenthal," without describing the grantee as either wife or daughter; and the only meritorious question of fact presented by the record is whether his widow or his daughter Anna is such grantee. The learned justice at the trial found, among other things, that the Annie Mary Leidenthal named in said deeds was the daughter of Christian Leidenthal, and his wife, the defendant Mary Leidenthal, intended that the said daughter of Christian Leidenthal should be the grantee therein, and that the deeds were without consideration, never delivered to the grantee, and void.

We cannot say that these findings are against the weight of the evidence, and the judgment must be affirmed, with costs. All concur.